20   69
94   385

## BLUM *v.* PATE.

In a civil action it is not a matter of right, which either party may claim, to have a jury polled. Before the verdict is recorded, it is a matter resting in the discretion of the Court to allow the proceeding; it will generally be allowed where circumstances of suspicion attend the delivery of the verdict. After the verdict is recorded, the proceeding is never allowed. With the assent of the jury to the verdict as recorded, their functions with respect to the case cease, and the trial is closed.

Before a verdict is recorded it should be declared by the foreman of the jury, or if sealed, read by the Clerk, so that the parties may be distinctly informed of its purport. It is irregular to record the verdict before it is thus announced, but the irregularity must be objected to at the time, or it will not be noticed on appeal.

Assent to a recorded verdict, expressed by the foreman, is conclusive upon all the jury, unless a disagreement is expressed at the time.

APPEAL from the Twelfth Judicial District.

The facts are sufficiently stated in the opinion of the Court.

*Sidney V. Smith*, for Appellant, cited Practice Act, sec. 171; *Jackson* v. *Hawks*, 2 Wend. 619; and *Fox* v. *Smith*, 3 Cow. 23.

*Stanly & Hayes*, for Respondent.

I. Neither the plaintiff nor the defendant has a right to have the jury polled. It is the right of the Court, for its own satisfaction, where the Court regards the verdict with suspicion, but not of a party. (*State* v. *Allen*, 1 McCord, 325; *Landes* v. *Dayton et al.* Wright, (Ohio) 659; Fellow's case, 5 Greenl. 333; *Commonwealth* v. *Roby*, 12 Pick. 513; *Martin* v. *Maverick*, 1 McCord, 27; and *Ropps* v. *Barker et al.*, 4 Pick. 239.)

II. When a verdict is recorded and assented to by the jury, it is then final. (Practice Act, sec. 173; *Blockley* v. *Sheldon*, 7 Johns, 33; *Root* v. *Sherwood*, 6 Johns, 68; 3 Graham and Waterman, New Trials, 1406; *Fox* v. *Smith*, 3 Cow. 23; and *Paige* v. *O'Neal*, 12 Cal. 494.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The only question presented for consideration is whether a party has the right, in a civil action, to poll the jury after their verdict is recorded. The case was submitted to the jury at a late hour of the day, and by consent of the parties the jury were directed to bring in a sealed verdict, in case of their agreement, on the morning of the following day. At the opening of the Court on the following day, the jurors were present in their appropriate seats, and each juror answered to his name as called by the Clerk. To the inquiry whether they had agreed upon their verdict, the foreman responded that they had, and at the same time delivered to the Clerk a sealed package containing the same. The Judge took the package from the hands of the Clerk and opened it, and after reading the verdict, though not audibly, gave it to the Clerk, who recorded it in the minutes of the Court. After the record was thus made, the Clerk requested the jury to listen to their verdict as it stood recorded, and read it, after which he inquired of them if that was their verdict. The foreman responded to the inquiry that it was. The counsel of the defendant thereupon moved the Court

that the jury be polled, but, upon objection of the plaintiff, the motion was denied. This ruling constitutes the error assigned for a reversal of the judgment.

In criminal cases the statute provides that after the verdict is rendered, and before it is recorded, the jury may be polled, on the requirement of either party. In civil cases the statute, as to polling the jury, is silent. In some States a poll may be had in civil cases upon the demand of either party, before the verdict is recorded; in other States the proceeding is allowed only under special circumstances. The authorities show that the proceeding is not necessarily an incident of the trial, which a party may at his option insist upon; but on the contrary, that it is a matter resting entirely in the discretion of the Court—but a proceeding which the Court will generally allow when there are circumstances of suspicion attending the delivery of the verdict. Thus, in *Landes* v. *Dayton* (Wright's Rep. 659) the Supreme Court of Ohio said: " We do not recognize any right in a party in a civil case to poll a jury, though we sometimes allow it, if the verdict is delivered under circumstances of suspicion. It is, we think, mere matter of practice, for each Court to regulate for itself. It is perfectly respectful for counsel to ask leave to have a jury polled, and it is no disrespect in the Court to refuse."

Though the proceeding in civil cases may be allowed in the discretion of the Court, before the verdict is recorded, it is never allowed afterwards. (*Blockley* v. *Sheldon*, 7 Johns, 33; *Walters* v. *Junkins*, 16 Searg. and Rawle, 414; and Graham on New Trials, Waterman's edition, 1406.) With the assent of the jury to the verdict as recorded, their functions with respect to the case cease, and the trial is closed. In the present case, the record was made before the verdict was announced. This was irregular; the verdict should in all cases be either declared by the foreman of the jury, or, if sealed, read by the Clerk, so that the parties may be distinctly informed of its purport. No objection, however, was taken to the course pursued. The appellant would seem to have acted upon the supposition that either party had the right to claim a poll at any time before the jury were discharged. In this respect, as we have shown, he was mistaken. (See *Martin* v. *Maverick*, 1

McCord, 27; *Ropps* v. *Barker*, 4 Pick. 238; and also Fellow's case, 5 Greenl. 333; *Commonwealth* v. *Roby*, 12 Pick. 513; and *State* v. *Allen*, 1 McCord, 525.)

There is nothing in the objection that the assent to the verdict was expressed by the foreman, and not by the jurors themselves. The jurors, acting as a body, speak through their foreman. They declare by his voice their verdict, and their assent to the same as recorded. His assent is conclusive upon all, unless a disagreement be expressed at the time.

Judgment affirmed.