JOSEPH N. WHITNER, PLAINTIFF IN ERROR, VS. NATHANIEL HAMLIN, DEFENDANT IN ERROR.

1. After a juror has been regularly sworn and empannelled, the fact that he was a juror previously in the same cause when there was a mis-trial, because the jury could not agree, does not authorize or require his being set aside in the second trial, when it does not appear that the juror is prejudiced, partial or biased in regard to the matters or questions submitted to the jury, and this in the judgment and discretion of the Court.

2. Judges are not authorized or required to give charges or instructions to juries on abstract questions of law not pertinent to the case before the Court, and having no relation thereto.

3. Where a sealed verdict (by consent) has been rendered by a jury, neither party has the right to demand that the jury be polled. This may be done, however, at the discretion of the Judge, whose duty it is to see that no wrong or injustice is done to parties, and whose discretion in such cases is not matter for review by this Court.

This case was decided at Tallahassee.

The opinion of the Court contains a statement of the facts of the case, to which reference is made.

*A. J. Peeler* for Plaintiff:

1st Assignment. This juror, E. B. Clark, should have been excused and another sworn in his stead. He acted as an honest juror should have done in acquainting the Court and counsel as soon as he discovered it that he had sat on a jury in the same cause on its previous trial. He felt that he was not impartial, and desired to be excused, and the counsel for Defendant moved the Court to excuse him. No injury could have resulted to either party from his being excused. Had this not been discovered until after the verdict, it would have furnished good cause for a new trial ; vide McKinly vs. Smith, Hard. Rep., 167 ; Herndon vs. Bradshaw, 4 Bibb., 45 ; Vance vs. Haslitt, ib., 191. If this furnishes good cause to disturb the verdict and grant new

trial, certainly it ought to have been good ground to excuse a juror before verdict. The defendant could have taken no advantage in the excuse ʾof such juror, for he was moving and consenting to it. Jurors should be free from all exceptions and wholy disinterested.—2 Johns. 194. If at that stage of the cause the juror could not be discharged and another sworn in his stead, as in the case of a juror who is ill, still the Court should have set aside the verdict and awarded a venire *de novo.*—Dorcy vs. Hobson, 6 Taunt., 460, Eng. Com. L. Rep., Vol. 11. It may be said that the first jury did not render a verdict, that they failed to agree. This would seem to furnish stronger proof of the juror being partial or prejudiced, for there was, necessarily, irreconcilable differences among the first jury, showing that their conclusions were fixed and unyielding.

2d Assignment. The instruction should have been given, because it is but the repetition of a Rule of Evidence which has never been controverted and which rests on substantial justice, to wit : that secondary evidence shall be excluded unless the best evidence cannot be obtained.

3d Assignment. The right in either party in a civil cause to have the jury polled before recording their verdict, and this whether the verdict be sealed or oral, is unquestionable. The following cases are in point : 6 Johns. 68 ; 7 Johns. 32 ; Fox against Smith, 3 Cowen, 23 ; Johnson vs. Howe *et al.*, 2 Gilman, 343 ; Rig vs. Cook, 4 ib., 336. In these cases the doctrine of discretion in the Judge was fully discussed and overruled ; but if this Court should deem it a matter of discretion, certainly the facts apparent from the record that the case is one of no little difficulty as to the complicated and conflicting character of the testimony, and that one of the jurors, for reasons satisfactory to himself, asked to be excused, and that the Court denied both the request and motion of defendant's counsel, it is due to the

defendant that he should at least been permitted to know that the verdict rendered was the verdict of each of the jurors.

*M. D. Papy* and *R. B. Hilton* for Defendant:

M. D. Papy and R. B. Hilton, for Appellee, cite the following authorities;

Commonwealth vs. Roby, 12 Pick.; Fellows Case, 5 Greenleaf, 333 ; School Dist. vs. Bragdon, 3 Foster, 507 ; Hancock vs. Wynans, 20 Texas, 320 ; Craig vs. Elliott, 4 Bibb, 271.

DOUGLAS, J., delivered the opinion of the Court.

This cause comes here on a writ of error from the Circuit Court of Leon county.

On the trial in the Court below, the defendant moved the Court for instructions to the jury, which were refused, and thereupon a bill of exceptions was tendered, which was signed and sealed by the Court, and made a part of the record.

The plaintiff in error now assigns in this Court the following errors, as reasons why the judgment of the Court below should be reversed :

1st. That the Court erred in refusing to excuse and set aside E. B. Clark, one of the jurors, from serving in said cause, said Clark having been a juror in the same cause when tried at a previous term, and in overruling defendant's motion to excuse said Clark and permit another juror to be sworn in his stead.

The record shows, that upon the reading of a portion of the written evidence offered by the plaintiff, and before the same had been fully read in evidence, one of the jurors (E. B. Clark) who had been sworn and empannelled in the case, arose in his place in the jury box, and stated to the

Court that from the reading of said evidence, he discovered that he had been a juror in said cause, when at a previous term of the Court there had been a mis-trial because the jury could not agree, and that he desired to be excused from serving as a juror in the case.

The defendant then moved the Court to excuse the juror Clark, and to swear another juror in his place; which motion was refused by the Court.

It is now insisted on behalf of the plaintiff in error, that the juror Clark should have been set aside, and another juror sworn in his place, and several authorities have been cited in support of this position. Upon a careful examination of the authorities cited, it will be found that they do not support the position contended for. The utmost extent to which the authorities go is this : that if a verdict has been rendered by a juror who is prejudiced, or who is so partial and biased in his feelings that he is not in a state of mind to render a fair and impartial verdict, in such cases, upon proof of the fact, it would be the right and duty of the Judge, before whom the trial was had, to award a venire *de novo.*

Of the cases cited in the argument, that of Herndon vs. Bradshaw, 4 Bibb Rep. 45, most resembles the case now under consideration, and yet they are unlike in a most material point. In that case the juror had served on a former jury in the same case, and a verdict had been rendered. In the case now under consideration, the juror, Clark, had been sworn and empannelled on a former jury in the same case, but the jury did not agree to a verdict, and were discharged by the Court. There is no evidence in the record to show that the juror, Clark, had ever made up and formed an opinion on the merits of the case, or that he had any prejudice or bias against the defendant, or was other than a fair and impartial juror. In making known to the Court that he had formerly been empannelled and sworn in the case, he did

not say or intimate that his mind had been or then was, made up on the merits of the case, or that it was not in a condition to do impartial justice between the parties. Had the juryman, Clark, declared that he was prejudiced, or unable to do equal and impartial justice between the parties, it would have been the duty of the Judge to set him aside, and to have substituted another in his stead; and a refusal to do so would have been good ground for a motion for a venire *de novo.*

It is well settled, that if a juror is challenged "*propter affectum,*" for suspicion of bias or partiality, it must be done before he is sworn;—after he has been selected, empannelled and sworn, it is too late to raise the objection.—See Buller's Nisi Prius, 307.

The practice in the Citcuit Courts of this State is, for the jurors in civil cases, when called to be sworn, to be offered to the parties to be accepted by them. That is the proper time to object to any juror, if any cause of objection exists. If the privilege is not then exercised, and the juror is selected and sworn, the Court would not have the right to set him aside afterwards, unless it could be shown that there are grave reasons for doing so, and such as would go to show, that from bias or prejudice, a fair and impartial verdict could not be obtained from the juror objected to. In this case, it was in the power of the parties, by diligence, to have ascertained that the juror, Clark, had been empannelled and sworn on the former trial, and their failure to do so did not furnish a sufficient ground for the interposition of the Court, or of this Court.

2d. The second error assigned is: The Court erred in refusing to give the instruction asked by the defendant to the effect, that evidence of the contents of books shown to be in existence is not admissible, but that the books must be produced.

We do not see from the record any thing calling for the

instruction asked, and Judges are not authorized or required to give charges or instructions to juries on abstract questions of law not pertinent to the case before the Court and having no relation thereto.

There is nothing going to show that the contents of books not produced, was testified to by any of the witnesses. In his statement the witness, W. K. Beard, certifies, "that two casks of bacon were received by the steamship Magnolia from New Orleans, on or about the 29th of November, 1859, shipped by N. Hamlin, per account of Mr. Thomas Barnard, 'marked W. & F.,' and sent by Rail Road to station No. 3, Pensacola & Georgia Rail Road, on account of Messrs. Whitner & Footman, as appears by books of original entry kept by Beard & Denham, of which firm I was a partner, and to the best of my knowledge no complaint was ever made by said Whitner & Footman that said bacon was not received by them, but Mr. Whitner did and does, and has within the last two weeks admitted that said bacon was received; but claims that he paid for it;—of this payment I know nothing, as it did not pertain to my business."

It will be seen from this statement of the witness, Beard, that the allusion and reference to the books of the firm of Beard & Denham, was not for the purpose of proving the delivery of the bacon, the point on which his testimony was taken; or to prove any other substantial fact in the case. The delivery of the bacon is proved, according to the evidence of this witness, by the admissions of the defendant, Whitner, the strongest proof that could be given against the defendant.

From this view of the case, on the evidence set forth in the bill of exceptions, it will be seen that the instruction asked was not pertinent to the case, or called for by the evidence given in the trial; and the Judge in the Court below properly refused to give it to the jury.

In the case of Dibble vs. Truluck, decided at the last term of this Court, the Court said: " Courts sit to decide causes, and not to moot points of law, and the Court cannot in the progress of a trial be required to give opinions or instructions upon general and abstract propositions of law. The Court may and should refuse to give an opinion or instruction on such points, and if the refusal to give the instruction asked is appealed from, the appellate Court will not interfere, unless it can be shown that the instruction asked was warranted by the testimony, and ought to have been given.

The third error assigned is : The Court erred in denying and refusing to allow the jury to be polled on the request and motion of the defendant before the verdict was recorded.

The bill of exceptions in this case shows, that while the jury were in the jury room consulting on their verdict, and the Court being about to take a recess for dinner, it was agreed by the counsel of the parties that the jury might, during said recess, bring in a sealed verdict, which was done. On the Court resuming its session, the jury came into the jury box and presented their verdict, sealed in an envelope. The defendant's counsel requested the Judge to have the jury polled ; which was refused, and the verdict was then recorded ?

The question presented for the consideration of the Court is : If it is the right of a party when a sealed verdict has been returned, to have the jury polled ; or is it a matter resting within the sound discretion of the Judge, under all the circumstances in the case.

It has been a mooted question whether under any circumstances, after a jury have agreed on their verdict, it is the right of parties to have them polled, that is, to enquire of each juror if the verdict returned into Court is at the time their verdict. Authorities are to be found for the ex-

ercise of this right, while other authorities deny this privilege as a right, and refer the power to the exercise of a sound discretion on the part of the Judge who presides at the trial. The decision of this question is not necessary to the proper adjudication of the case now before the Court, and is not raised by the record and we shall not, therefore, undertake to decide on which side of this question is the weight of authority. The question presented by the record is not as to the right of parties to poll the jury in all cases, but whether after the jury has delivered a sealed verdict by the consent of parties, either party may demand as a right that the jury shall be polled. We are of the opinion that no such right exists, and that such applications must be addressed to the sound discretion of the Judge, whose duty it is to see that no wrong or injustice is done to parties, and whose discretion in such cases is not a matter for review by this Court.

In the case of Hancock vs. Winans, the right of parties to poll the jury, after a sealed verdict had been rendered by consent, was examined at much length by the Supreme Court of Texas, and the Court decided that no such right existed, but it was a matter within the sound discretion of the Court. See 20 Texas Rep., 320.

The judgment of the Court below is affirmed, with costs.