## Byrne *versus* Grossman.

1. The court below discharged a rule to strike off the entry of a verdict, on the ground that the court had refused to allow the jury to be polled. Depositions were taken in the court below, but the record did not show that any demand for a poll had been made. *Held,* that it was not reviewable on error.

2. *It seems,* that in civil cases allowing a jury to be polled is discretionary with the court trying the case.

3. A jury found for the plaintiff " $45, and to deliver said note to the defendant," each party to pay " his witness-costs" and " half the county costs." The court directed the verdict to be entered for the plaintiff for " $45 and six cents costs." *Held,* not to be error.

4. The court had a right to mould the verdict according to law.

May 3d 1870.   Before Thompson, C. J., Read, Agnew and Sharswood, JJ.

Error to the Court of Common Pleas of *Lancaster county :* No. 2, to May Term 1870.

George Grossman brought an action against Bernard Byrne before a justice of the peace, who having given judgment in the case, it was, on the 17th of April 1868, removed by appeal into the Court of Common Pleas.   On the trial there, February 23d 1869, the jury returned the following verdict :—

" The jury in the case of Grossman *v.* Byrne have decided the defendant pay the plaintiff the sum of $45, and deliver said note to the defendant.   Plaintiff pays his own witness costs and the half of the county costs.   Defendant also pays his witness costs and the half of the county costs."

The court directed the verdict to be entered that the jury " find in favor of the plaintiff, and assess the damages at the sum of $45 with six cents costs."   The defendant obtained a rule to show cause why the verdict should not be stricken off; because it was not the verdict found by the jury; because, on the application of the defendant, the court refused to send the jury back and refused to require the jury to be polled ; the reasons alleged that the application was made before recording the verdict.

Depositions were taken to prove the allegations in the reasons.

The court (Hayes, J., delivering the opinion) discharged the rule. This was assigned for error by the defendant on the removal of the case to the Supreme Court.

[Byrne *v.* Grossman.]

*A. J. Steinman* (with whom was *F. S. Pyfer*), for plaintiff in error.

*S. H. Reynolds* and *G. F. Breneman*, for defendant in error, were stopped.

The opinion of the court was delivered, May 12th 1870.

PER CURIAM.—There is nothing on the face of this record to show any demand made by the plaintiffs in error for a poll of the jury which is the subject of the principal assignment of error, and a refusal to allow it by the court. It is therefore a matter not reviewable here. No doubt such an application being parcel of the trial, by custom, might if refused and excepted to, have been brought up for examination here on a bill of exceptions, and then the court could have determined whether a special verdict of each juror was the right of either party, or whether it was a matter solely within the discretion of the court to allow or not. For my own part, I incline to the latter opinion in civil cases. But the consideration of this point is not before us for the reasons already stated, and we give no opinion about it. There is no other assignment of error which needs notice. The court had an undoubted right to mould the verdict according to the requirements of the law, and therefore their order setting aside that part of it relating to costs was not an error. There being no error in the record, The judgment is affirmed.