## CITY OF CHICAGO

### *v.*

## THOMAS H. ROGERS.

1.  PRACTICE—*verdict.*  Upon the trial of a cause in the circuit court, by consent of counsel, the jury were authorized to return a sealed verdict, and the court adjourned; but before the judge had left his seat on the bench, the jury, having agreed, were brought in and delivered an open verdict in the presence of the judge, clerk and plaintiff's attorney, in favor of the plaintiff, but in the absence of defendant or his counsel, and were discharged:  *Held,* that it was error thus to receive the verdict.

2.  And besides, the court, having adjourned, could not receive any verdict until it was again convened.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. I. N. STILES and Mr. JOHN LEWIS, for the appellant.

Messrs. MERRIAM & ALEXANDER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by appellee, in the Cook circuit court, against appellant, to recover for injuries claimed to have been received by reason of defects in a public street in the city.   On the trial in the court below, by consent of counsel, the jury were authorized to return a sealed verdict, the court having adjourned; but before the judge had left the court room, or his seat on the bench, he was informed by the officer having charge of the jury that they had agreed upon a verdict; thereupon they were brought in, and delivered an open verdict, in the presence of the judge, the clerk and plaintiff's attorney, but in the absence of defendant's counsel, and the jury were discharged.

The court having adjourned before the verdict was rendered, the majority of the court hold it was error to receive it.   The

agreement was, that the verdict should be sealed, and it was violated by receiving an open verdict. Again, the bill of exceptions shows the court had adjourned, and the court had no power to receive any verdict until it was again convened. This being true, the court below should have granted a new trial. No other error is perceived in the record.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*