## PEART v. CHICAGO, M. & ST. PAUL RAILWAY CO.

1. Unless it is expressly waived, either party has an absolute right to have the jury polled on the announcement of the verdict, whether oral or sealed, and at any time before the same is recorded.

2. After a cause had been submitted to a jury, and while the same was being considered in a jury room adjacent to the building in which court was being held, court took a recess at 6 o'clock p. m. until 9 o'clock a. m. of the following day, and thereupon the clerk's office and the court room were closed. The jury, in charge of a bailiff, and in the room to which it was assigned, continued its deliberations until 2 o'clock on the following morning, when, at the request of the jury the judge was notified that a verdict had been agreed upon. The judge immediately went from his home to the jury room, and, in the absence of the clerk and other officers of the court, and in the absence of all the attorneys and parties to the suit, asked the jury if they had agreed upon a verdict. The foreman answered affirmatively, and delivered the verdict to the judge, who asked him if it was his verdict. Being answered in the affirmative, the judge addressed the jury as follows: "So say you all, gentlemen of the jury?" The unanimous answer was, "We do," or something to that effect. The judge then discharged the jury, and allowed the members thereof to separate. The verdict, which was for the defendant, was kept by the judge until court opened at 9 o'clock a. m. of that day, when, in the absence of the jury, he delivered it to the clerk, who thereafter recorded such verdict upon the minutes of the court, and the plaintiff thereupon excepted to the verdict, and the manner in which it had been received. *Held,* that such verdict was fatally irregular, and insufficient to support a judgment entered thereon against the objection of counsel for plaintiff.

(Syllabus by the court.    Opinion filed April 26, 1894.)

Appeal from  circuit  court, Lincoln county.   Hon. FRANK
R. AIKENS, Judge.

Action to  recover  damages to personal  property alleged to
have been caused by the negligence of  the defendant.    A ver-
dict  was  rendered  for  defendant,   and  judgment  entered
thereon.    From an order vacating  the verdict and  the judg-
ment, defendant appeals.    Affirmed.

The facts are stated in the opinion

*R. Brennan,  (H. H. Field* and  *G. P. Cary, of  Counsel,)* for
appellant.

Cited the following cases:   Perry v. Mulligan,  58 Ga. 479;
Stiles v. Ford, 2 Col. 128;  Mervin  v.  Wheeler,  41  Conn.  14;
Stroger  v.  Sample,  24  Pac.  425;  Hill  v. State, 17 Wis.  675;
Commonwealth v. Roby, 12 Pickering 496;  People v. Brannigen
21 Cal. 338;  Bagley v. Grand Lodge, 131 Ill. 498;  22 N. E. Rep.
22;  Hunt v. Elliott, 20 Pac. Rep. 132;  Code, Sec. 5061.

*Joe Kirby*, for respondent.

Cited the following cases:   Rosser v. McCooley, 9 Ind. 587;
Root v. Sherwood, 6 John. N. Y. 67;  Bond v. Wood, 69 Ill. 188;
Labor v. Koplin, 4 N. Y. 547.


FULLER, J.    The plaintiff brought suit to recover $1,952.80
as damages alleged to have been  occasioned  by the negligence
of the defendant in operating a certain engine, claimed to have
been  defectively  constructed  and  equipped, and  in  allowing
combustible material  to  accumulate and  remain upon defen-
dant's right of  way.    The answer appears to have been a gen-
eral denial.    The cause came on  for  trial  on  the  22nd day of
March, 1892, and was concluded  and  submitted to the jury un-
der the instructions of the court on the 24th of  that  month, at
about 10 o'clock in the forenoon, whereupon the jury, in charge
of a bailiff, retired for deliberation  to  a  room  adjacent to the
building in which court was  being  held.    At 6 o'clock p. m.
court took a recess until 9 o'clock a. m. of  the following day,

and thereupon the court room and clerk's office were closed. The jury, in charge of a bailiff, and in the room to which it was assigned continued its deliberations until 2 o'clock on the morning of March 25th, when, at the request of the jury, the judge was notified that a verdict had been agreed upon. The judge immediately went from his home to the jury room, and, in the absence of the clerk and other officers of the court, and in the absence of all the attorneys and parties to the action, asked the jury if they had agreed upon a verdict. The foreman answered affirmatively, and delivered the verdict to the judge, who asked him if it was his verdict. Being answered in the affirmative, the judge addressed the jury as follows: "So say you all, gentlemen of the jury?" The unanimous answer was, "We do," or something to that effect. The judge then discharged the jury, and allowed the members thereof to separate. The verdict, which was for the defendant, was kept by the judge until court opened at 9 o'clock a. m. of that day, when, in the absence of the jury, he delivered it to the clerk, who thereafter recorded such verdict upon the minutes of the court; and the plaintiff thereupon excepted to the verdict, and the manner in which it had been received. From an order sustaining a motion to vacate and set aside the verdict of the jury and the judgment entered thereon on account of the irregularities above mentioned, the defendant appeals.

The only question presented by this appeal is, did the court err in setting aside the verdict and judgment based thereon? Section 5057, of the Compiled Laws, authorizes the court to direct the jury, under proper instructions, to bring in a sealed verdict at the opening of court, in case of an agreement during a recess or an adjournment for the day; but such verdict must be received in presence of, and be affirmed by, all the members of the jury, and the parties should not be deprived of any of their rights and privileges under Section 5058, which is as follows: "When the jury have agreed upon their verdict, they must be conducted into court, their names called by the clerk,

and the verdict rendered by their foreman. The verdict must be in writing, signed by the foreman, and must be read by the the clerk to the jury, and the inquiry made whether it is their verdict. If any juror disagrees they must be sent out again; but if no disagreement is expressed, and neither party requires the jury to be polled, the verdict is complete and the jury discharged from the case. Either party may require the jury to be polled, which is done by the court or clerk asking each juror if it is his verdict. If any one answer in the negative, the jury must again be sent out." Unless the right is expressly waived either party has an absolute right to have the jury polled on the announcement of the verdict, whether oral or sealed, and at any time before the same is recorded. Martin v. Morelock, 32 Ill. 485; Abb. Tr. Brief, 181, and numerous cases there cited. In Bond v. Wood, 69 Ill. 282, the court says: "It is a fatal irregularity for the judge to discharge one of the jurors in a case before the verdict is received, unless he has the consent of the parties, or their counsel in a civil case, as the parties have the right to poll the jurors on the coming in of their verdict." In City of Chicago v. Rogers, 61 Ill. 188, it was held to be reversible error for a court to receive a verdict immediately after court had adjourned and before the judge had left the bench, and while the officers of the court and one of the attorneys was still present, as no verdict could be received until court again convened. In Rosser v. McColly, 9 Ind. 587, it was held that a judge cannot receive a verdict out of court. In Nebraska, under a statute in effect the same as ours, and a state of facts very similar to the present, the judge went to the court room at 11 o'clock at night, and, in the absence of the officers of the court, the parties to the action, and their attorneys, received the verdict of the jury, and allowed them to separate, and kept the verdict until the opening of the court the next morning, when it was read aloud in open court, and handed to the clerk for entry upon the records. It was held to be a privy verdict, and of no force or validity, because it was not affirmed by the

jury in open court. Young v. Seymour, 4 Neb. 86. Blackstone says: "A privy verdict is when the judge hath left or adjourned the court, and the jury, being agreed, in order to be delivered from their confinement, obtain leave to give their verdict privily to the judge out of court; which privy verdict is of no force, unless afterwards affirmed by a public verdict given openly in court, where the jury may, if they please, vary from the privy verdict. So that the privy verdict is indeed a mere nullity; and yet it is a dangerous practice, allowing time for the parties to tamper with the jury, and therefore very seldom indulged. But the only effectual and legal verdict is the public verdict, in which they openly declare to have found the issues for the plaintiff or for the defendant." 3 Cooley Bl. Comm. 377. Every trial to a jury, in contemplation of law, should be conducted orderly and in open court, and when a verdict has been received in a manner and under circumstances like the present, it cannot be said that such verdict is fair and impartial, and that justice has been properly administered. Under the instructions of the court as to the law, in the light of which the facts must be considered, the case is submitted to the jury in open court, and the statute contemplates a return of the verdict by the entire jury publicly into open court, where the parties are presumed to be in waiting, and ready to avail themselves of their respective rights under the statute; and in this case they were deprived of that material and absolute right, and the order from which the appeal is taken is therefore affirmed.