SNAPP, ADMINISTRATRIX, v. STEINBAUGH; ET AL.

[No. 23,308. Filed December 13, 1918.]

1. MASTER AND SERVANT.— *Injuries.— Evidence.— Inference.—* The master's negligence cannot be inferred from the fact that a miner working in a mine in which more than five persons were employed was killed by the falling of a rock from the mine roof. p. 703.

2. MASTER AND SERVANT.—*Injuries to Miners.—Burden of Proof.* —Though §8020a *et seq.* Burns 1914, Acts 1911 p. 145, places upon the employer the burden of proving that he did not know of a danger in the working place in time to have avoided an injury to an employe or to have stopped the work, the burden is discharged when it is shown that the danger arose in the progress of the work and that such danger could not be known until after the injury; and this is true even though the evidence is introduced by the plaintiff. p. 703.

3. MASTER AND SERVANT.—*Injuries to Miners.—Assumption of Risk.*—Where a mine operater had discharged all common-law and statutory obligations to the deceased, but the work was such that the danger remained, the decedent assumed the risk, as the master was not negligent. p. 704.

From Fountain Circuit Court; *I. E. Schoonover,* Judge.

Action by Myrtle M. Snapp, as administratrix of the estate of Charles Snapp, deceased, against Clayton L. Steinbaugh and others. From a judgment on a directed verdict for the defendants, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Tilton & Taylor* and *Livengood & Livengood,* for appellant.

*Nebeker & Dice,* for appellees.

HARVEY, C. J.—This action is for damages on account of the death of appellant's decedent, who was her husband, caused by alleged negligence of the defendants, who are alleged to have owned and operated a coal mine, wherein appellant's decedent was employed as a miner.

Two paragraphs of the complaint are based upon the "Five-Man Act" (§8020a *et seq.* Burns 1914, Acts 1911 p. 145; and the third paragraph upon common-law liability. The error assigned and relied upon is that the court improperly directed the jury at the close of appellant's evidence to find for the defendants.

Plaintiff's evidence showed: That a rock fell from the roof of the mine directly over the place where appellant's decedent was working; that said rock formed a part of the roof, and was of the same color as the other parts of the roof; that it was approximately nine feet long, six feet wide and two and one-half feet thick, and weighed between six and seven tons; that it extended about half of its length into the working face of the coal, and there rested upon unremoved coal; that the outer end of it rested upon at least two props placed to support the roof of the room which were of proper size and strength; that no person about the mine had actual knowledge of its presence; that there was no indication of its presence, or of danger therefrom, until it dropped; that it was so firmly imbedded in the roof that striking it with a pick—an approved and ordinary test—or other like examination of the roof, would not have disclosed its presence; that there were in place in the room supporting the roof all props of the proper size and character that could be placed therein and

permit the work to proceed; that the two props supporting the outer end of said stone were placed as near the working face of the coal as the work would permit; that the rock broke out and fell when appellant's decedent. picked away the coal which supported the end thereof extending into the working face; that appellees' mine boss was very careful; that he inspected the mine two or three times a day, and had visited this room for that purpose about two hours before the rock fell, and that it was the duty of the miners to place props where needed; that appellant's decedent was an experienced and careful miner, and knew and observed the rules relating to his work.

If the facts thus shown were submitted to the jury, and the jury should find in favor of the plaintiff, the trial court, in the proper exercise of its powers and duties, would be required to set aside the verdict, because there is no tendency in any fact to show that the employer was negligent.

Applying the rule that, when such a motion is made, only the facts most strongly in favor of plaintiff's case will be considered, we must disregard practically

1. all the evidence introduced by the plaintiff, except the fact that her husband was employed in a mine where more than five persons were employed, and that he was killed by the falling of a rock from the ceiling. From such remaining facts no reasonable inference of negligence can be drawn.

Though the statute places upon the employer the burden of proving that he did not know of the danger in time to have avoided the same, or to have stopped

2. the work, this burden is discharged when, and however, it is shown by evidence that the danger arose in the progress of the work, and that no one, master nor servant, could know thereof until the rock fell;

and this is true though the evidence to this effect be introduced by the plaintiff.

The evidence shows that the master had discharged all statutory and common-law obligations to the decedent; and shows that the character of the work 3. was such that this danger, nevertheless, remained. Under such circumstances, the decedent assumed the risk, and the master was not negligent. *J. Wooley Coal Co.* v. *Tevault* (1918), *ante* 171, 118 N. E. 921, 119 N. E. 485, and the decisions in said opinions cited to this proposition.

The judgment is affirmed.

Lairy and Myers concur in conclusion.

NOTE.—Reported in 121 N. E. 81. Liability of mine owner to servant for injuries caused by falling of mine roof, Ann. Cas. 1912B 577. See under (1, 2) 26 Cyc 1417; (3) 26 Cyc 1187.