## CARSON *v.* MIAMI COAL COMPANY.

[No. 24,003.   Filed December 21, 1923.]

1. PLEADING.—*Conclusions.—Striking Out.*—A motion to strike out certain parts of a pleading which state conclusions of law was properly sustained, especially where the language struck out did not state the rule of law correctly.   p. 52.

2. MASTER AND SERVANT.—*Safe Place to Work.—Coal Mine.*— The general rule that it is the duty of the master to use reasonable care to provide a safe place for the servant to work is modified in the case of an employee in a coal mine whose duty it is to find unsafe places in the mine and to make them safe by making repairs and installing supports.   p. 53.

3. MASTER AND SERVANT.—*Safe Place to Work.—Coal Mine.*— Where it is the duty of an employee in a coal mine to go about the mine looking for dangerous places, made so by loose rock hanging from above, and, on finding any such place, to pull down the loose rock, his employer's duty to furnish "a safe place to work" does not extend to the point of protecting him from the danger of injury by loose rock pulled down on himself while attempting, in his own way and without specific direction from anybody, to remedy a dangerous condition discovered.   p. 54.

4. MASTER AND SERVANT.—*Personal Injuries to Servant.—Liability of Master.—Proof of Negligence Necessary.*—In an action by a servant against his employer for personal injuries sustained in his service, proof of negligence on the part of the employer is necessary before the servant can recover, unless the injuries were wilfully inflicted.   p. 55.

5. TRIAL.—*Polling Jury.—Directed Verdict.—Statute.*—The provision of the Code for polling a jury (§570 Burns 1914) does

not apply when the jury has not deliberated, but returns a verdict at the direction of the court, and, in such case, a motion to poll the jury is properly overruled. p. 55.

6. MOTIONS.—*Memorandum with.*—*Statute Repealed.*—The provision of the act of 1917 (Acts 1917 p. 523, §691e Burns' Supp. 1918) requiring every motion to be accompanied by a memorandum stating the reason or reasons why the motion should be sustained, having been repealed in 1921 (Acts 1921 p. 50, §691f Burns' Supp. 1921) was not applicable at a trial after the repealing act went into effect. p. 55.

7. APPEAL.—*Review.*—*Motion to Strike Matter from Deposition.* —A ruling sustaining a defective motion to strike matter from a deposition is not reversible error if the matter struck out was subject to be struck out on proper motion. p. 55.

From Parke Circuit Court; *Henry Daniels,* Judge.

Action by Harry Carson against the Miami Coal Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Joseph W. Amis, Howard L. Hancock* and *C. P. McClelland,* for appellant.

*Maxwell & McFaddin,* for appellee.

EWBANK, C. J.—This was an action by appellant seeking damages for injuries which he alleged he had sustained by the fall of coal, slate and stone in appellee's coal mine, in which he was employed to do labor, such as removing coal, slate, stone and other debris that was loose or had fallen in the working places in the mine. After certain averments had been struck out of the complaint, to which rulings appellant excepted, defendant filed an answer of denial and a plea that plaintiff's demand had been settled by a compromise, to which appellant replied by a denial. The issues thus joined were then submitted to a jury for trial. But, at the close of appellant's evidence, appellee moved the court for an instruction that the jury should find for the defendant, after which the record recites as follows: "Motion is sustained by the court, and the jury is so instructed and they return their verdict finding for the

defendant, signed by Charles Jessup (which verdict is set out). Plaintiff moves the court to poll the jury. Motion overruled and the plaintiff at the time excepts." The instruction given is not otherwise set out in the record. The trial commenced on April 25, 1921, and ended with the giving of said instruction the next day. In the course of the trial, certain parts of two depositions offered in evidence were struck out, to which appellant excepted. Directing a verdict, overruling the motion to poll the jury and sustaining the several motions to strike out parts of each of said depositions were assigned as reasons for a new trial, by a motion which was overruled, and appellant excepted. Appellant's assignment of errors and brief present for review the rulings on the motion to strike out parts of the complaint and on the motion for a new trial.

The material averments of the complaint, in substance, were that the defendant (appellee) was a corporation operating a coal mine in which it employed more than ten men; that it was not working under the provisions of the Indiana Workmen's Compensation Act; that plaintiff (appellant) was employed by defendant in said mine as a laborer to do the work of removing coal, slate, stone and other debris that was loose in the working places in the mine, and to do other work as directed; that defendant employed a mining boss, whose duties were as prescribed by statute; that, under the direction and supervision of said mining boss, plaintiff engaged in taking down and removing certain loose rock, slate, and coal in an entry; that the same had been loose and liable to fall for three days; that said condition was known to the mining boss, or would have been known to him if he had exercised reasonable care, in time to have made the place safe by providing proper support; that defendant negligently failed to provide props and timbers to hold and support the walls and

roof until the loose material could be removed and the roof was not properly supported by timbers; that with knowledge of said unsafe condition, the defendant, by its mine boss, ordered and directed plaintiff to pull down the loose rock near the curtain; that a large piece of rock was supported only by a two by four timber, which was inadequate to hold it; that plaintiff had complained to said mine boss in the morning before of having insufficient help, and informed him of the dangerous condition of said mine entry, but the mine boss told him to go ahead and do the best he could to get them cleared up; that, under his employment, plaintiff was bound to conform to and obey the orders of the mine boss, and in response to said order and direction, he went into the mine to perform the duties required of him; that the loose rock gave way and fell without any warning, and that by reason of said carelessness and negligence of defendant and its mine boss, part of the roof of said entry fell upon plaintiff and inflicted certain described personal injuries, to his damage in an amount as stated; that said carelessness and negligence of defendant and its said mining boss were the sole proximate cause of plaintiff's injuries. And "plaintiff further says that it then and there became and was the duty of the defendant to use and exercise the greatest care to provide and maintain for this plaintiff, as its employe, a safe place in which to work and perform his labor."

On motion of appellee, the sentence last above written which we have put in quotation marks, was struck out as stated above. This was not error.

1. Whether or not it was the duty of defendant, under the facts alleged to exercise any degree of care, and what care he was required to exercise were matters of law, to be declared by the court in giving instructions, and not matters of fact to be pleaded. Moreover the language struck out failed to state the

rule of law correctly. Where a master owes to his employe a general duty to exercise care for the safety of such employe in making his place to work safe in particulars as to which no statute has fixed the specific things to be done, it is the care which a reasonably careful and prudent person would use that the law exacts; not the "greatest" care. *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737. And if plaintiff was employed for the general purpose of finding unsafe places in the mine

2.  and making them safe by making repairs, as some parts of the complaint seem to indicate, the general duty of a master to use reasonable care that a safe place to work be provided would be modified by that fact. *McElwaine-Richards Co.* v. *Wall* (1905), 166 Ind. 267, 275, 76 N. E. 408; *Free* v. *Home Telephone Co.* (1917), 65 Ind. App. 9, 116 N. E. 600; *Searles* v. *Boorse* (1919), 264 Pa. 454, 107 Atl. 838; 3 Labatt, Master and Servant (2d ed.) §924.

The evidence set out in appellant's (plaintiff's) brief, as supplemental by the statement in appellee's brief, which the reply brief does not challenge, wholly fails to establish any of the material facts alleged, except that defendant operated a mine, that plaintiff was employed in it as a laborer to take down loose rock and slate found in the top of the mine and to do other work, that he understood it was his business to clean up the mine whenever and wherever it was needed, that he found some loose rock hanging over a curtain which he attempted to pull down while standing where he thought it would not hit him, when it fell upon him and injured him in a manner and to an extent as stated; that defendant was not working under the Workmen's Compensation Act of Indiana, and notices to that effect were posted in the mine, and that three witnesses besides plaintiff, and a man with him at the time who did not

testify, were employed in the mine. But there was no evidence that the rock had been loose three days, or even three minutes before plaintiff discovered its condition and attempted to take it down, or that its loose condition was known to the mining boss or to defendant or could have been known to him or it by any care he or the company could have used, or that sufficient props or timbers were not furnished, or that the roof was insufficiently supported with timbers, or that the two by four timber was insufficient to hold up the rock if plaintiff had not pulled it down, or that plaintiff had complained to the mine boss, or that he had any specific order or direction whatever from anybody with reference to the rock that fell on him, or that the rock fell without warning; but the plaintiff testified, without contradiction, that he discovered the rock was loose, and further loosened it with his pick and pulled it down in his own way, in the discharge of what he understood to be his general duties, without reporting it, and without being told by the mine boss to take down that particular rock, or loose rock at that particular place. This amounted to a failure of proof that the defendant employer was guilty of the actionable negligence, or any of it, which was charged in the complaint.

3. Where a workman was hired to go about in a mine and look for dangerous places, made so by loose rock hanging from above, and on finding any such danger to make the places safe by pulling down the loose rock, his employer's duty to furnish "a safe place to work" did not extend to protecting him from the danger of injury by loose rock which he might pull down upon himself while attempting in his own way and without a specific order from anybody to remedy a dangerous condition that he had discovered. *Searles* v. *Boorse, supra;* 3 Labatt, Master and Servant (2d ed.), *supra.*

And proof of negligence on the part of the employer is necessary before a workman can recover from such employer for injuries sustained in his service not shown to have been wilfully inflicted. *Vandalia R. Co.* v. *Stillwell* (1914), 181 Ind. 267, 273, 104 N. E. 289, Ann. Cas. 1916D 258; *Snapp, Admx.,* v. *Steinbaugh* (1918), 187 Ind. 701, 121 N. E. 81; *Cleveland, etc., R. Co.* v. *Ropp* (1921), 190 Ind. 115, 129 N. E. 475. It was not error to overrule appellant's motion to poll the jury. The provision of the code for polling a jury (§570 Burns 1914, §544 R. S. 1881) does not contemplate a case where the jury has not deliberated. *McClaren, Admr.,* v. *Indianapolis, etc., R. Co.* (1882), 83 Ind. 319, 324.

No question arises as to the sufficiency of any motion under Acts 1917 pp. 523-527, for that act was repealed by Acts 1921 p. 50, which took effect two months before the trial commenced in the case at bar. Therefore, the objections to sustaining appellee's motion to strike out parts of the depositions offered in evidence are not well taken. Besides, the portions struck out related to matters other than the existence of facts tending to show that plaintiff was injured by negligence of the defendant, and appellant has made no attempt to show that they were not subject to be struck out, if proper motions had been made. And, even if the motions to strike out were so imperfect that they might have been overruled without error, sustaining them would not be reversible error if the matter struck out of the depositions was subject to be struck out on proper motion.

The evidence being insufficient to prove actionable negligence on the part of the defendant, no error was committed in directing a verdict in its favor.

The judgment is affirmed.