## Sylvester et vir, Appellants, *v.* Pennsylvania Railroad Company.

Argued May 27, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Samuel G. Wagner,* with him *Charles G. Notari* and *Wagner & Wagner,* for appellants.

*Robert D. Dalzell* and *Dalzell, McFall, Pringle & Bredin,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 30, 1947:

This is an appeal from the refusal of the court below to grant a new trial. The plaintiffs, a mother and her minor daughter, boarded the train of defendant company at Youngstown, Ohio. This train was derailed while running along the banks of the Ohio River near Baden, Pa. This was the same train wreck which gave rise to *MacDonald, Admrx. v. P. R. R. Co.,* 348 Pa. 558, 36 A. 2d 492. In this train wreck both the mother and her minor daughter were injured. The jury returned a verdict in favor of the defendant. Plaintiffs asked for a new trial on three grounds.

The first ground alleged for a new trial was that the court erred in receiving the verdict of the jury late at night when neither counsel for plaintiff nor defendant was present. After six days' trial, at 2:30 p.m., April 27, 1943, this case was submitted to the jury. The court did not adjourn when the jury left the court room nor did it adjourn at any time that day until after the verdict was taken. The trial judge remained in chambers until 6:30 P. M., then went home for dinner, announcing to the court officers that she would return to take the verdict if the jury came in before eleven o'clock. It was understood that if the jury did not come in by that time, it was to be locked up for the night. About 9:30 P. M. the jury announced that it had reached a verdict. The trial judge returned to the court room to take the verdict. An earnest effort was made to reach respective counsel by telephone. Counsel for defendant was reached at his home. The home telephone of plaintiffs' counsel was not listed in the telephone directory. There was no error for the trial judge to take, under these circumstances, the verdict of the jury in the absence of counsel. It was the duty of counsel to notify the trial judge or

the court officers where counsel could be reached in the event that the jury reached a verdict that evening. It was much better practice for the trial judge to take the verdict at the time it was taken than to permit the jury to seal its verdict, disperse, and remain at large until the next morning. See *Eastley v. Glenn,* 313 Pa. 130, 169 A. 433.

The second reason for a new trial is that the court erred in receiving in evidence testimony of defendant's witness, H. C. Hutchinson, that "there were some forty Russian engineers on the train that immediately preceded the wrecked train." It was the contention of the defendant railroad company that the wreck near Baden, Pennsylvania, was caused by sabotage. This is discussed in *MacDonald, Admrx. v. P. R. R. Co.,* supra. Train 22, carrying the Russian engineers, passed the Baden Tower at 8:44 P. M., and Train 316, which was subsequently derailed, passed the same spot 18 minutes later. The evidence as to the Russian engineers being on the train was for the purpose of establishing a fact from which the inference was reasonably drawn that the persons who loosened the rail before Train 316 passed over that spot were persons who were hostile to the Russian engineers, and the belief that the Russian engineers were on that train was a motive for the sabotage alleged. There were many facts which indicated that the loose rail had been deliberately removed from its former position by some agency in no way connected with the railroad company, as we pointed out in our opinion in *MacDonald, Admrx. v. P. R. R. Co.,* supra. While evidence of the Russian engineers' being on Train 22 had very little probative value, we cannot say that there was any abuse of discretion on the part of the trial judge in permitting the testimony complained of.

The third reason for a new trial is the allegation that the court erred in refusing to permit Wasyl Shabature to testify in rebuttal concerning the speed of the train which was wrecked. This witness testified that the train

just before the wreck was going at a speed of 80 miles an hour. His competency being challenged by defendant's counsel, he testified that his experience in judging speed was based on his experience in driving an automobile. The court properly sustained the objection to the competency of this witness. Even if he had been permitted to testify that the train was going at a speed of 80 miles an hour that fact alone would not have justified an inference of defendant's negligence. There would have to be additional proof that at the point where the train was traveling at such a rate of speed, the speed was dangerous and might cause derailment. For a railroad train to travel at a speed of 80 miles an hour on a straight track is not per se negligence.

The judgment is affirmed.