Reed, Appellant, *v.* Kinnik.

Argued March 19, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Avra N. Pershing, Jr.,* with him *Henry B. Waltz, Jr.,* for appellant.

*B. Patrick Costello,* with him *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, June 3, 1957:

The major question raised by this appeal is whether a party to a civil proceeding has an absolute right to have the jury polled after its verdict has been announced and affirmed in open court, or has only a privilege to request a poll, subject to the discretion of the trial judge.

The action arose out of a right-angled collision which occurred on the morning of September 20, 1954 in Ligonier Borough, Westmoreland County, Pennsylvania, at the intersection of a ten-foot wide alley upon which appellee Kinnik was traveling and a twenty-three foot wide street upon which appellant Reed was

driving. Appellant brought an action in trespass to which the appellee filed a counterclaim. The jury brought in a verdict in favor of the appellee Kinnik in the amount of $10,000. Appellant thereupon asked for a poll of the jury, which request was denied by the trial judge. A motion for a new trial was argued before the court en banc which refused the motion, although one judge dissented on the ground that the appellant had an absolute right to a poll of the jury. This appeal followed.

There can be no question but that, in a criminal case the accused has an absolute right to have the jury polled. In *Commonwealth v. Martin*, 379 Pa. 587, 109 A. 2d 325, Mr. Justice (now Chief Justice) JONES stated definitely, at page 592: "The right of a defend-ant to poll the jury which has returned a verdict of guilty against him has been widely recognized and accorded: . . . The procedure had its genesis in ancient common law (see 2 Hale, Pleas of the Crown 299) and has long been both approved and uniform practice in this State: . . . Even the Commonwealth possesses the right to have the jury polled: . . .", and this is the rule generally applicable in the United States. A recent annotation of the cases on this point is to be found at 49 ALR 2d 619 et seq.

The question as to civil cases, however, has never been expressly decided by this Court, although it has been collaterally considered several times. In *Byrne v. Grossman*, 65 Pa. 310, in a per curiam opinion, the Court found that the record did not indicate that a demand for a poll of the jury had been made, but it said, page 311: ". . . No doubt such an application being parcel of the trial, by custom, might if refused and excepted to, have been brought up for examination here on a bill of exceptions, and then the court could have determined whether a special verdict of each juror

was the right of either party, or whether it was a matter solely within the discretion of the court to allow or not. For my own part, I incline to the latter opinion in civil cases. But the consideration of this point is not before us for the reasons already stated, and we give no opinion about it. . .".

In *Scott v. Scott*, 110 Pa. 387, 2 A. 531, a sealed verdict had been taken the night before, but on the following day in open court a poll was permitted and one of the jurors dissented. Mr. Justice TRUNKEY stated, page 389 : "Nor is there occasion to decide the mootable question, whether, in the trial of a civil cause, the court is bound to permit a poll of the jury on request by one of the parties. At request of the attorney for defendant, the jury were polled, and it is undeniable that the court had power to permit the poll. In argument it was urged that the allowance of the poll of the jury was discretionary with the court. This point was not decided in Byrne v. Grossman, 65 Pa. 310, but the Chief Justice expressed his individual opinion against the right. The court below were not bound by that dictum—they may have adopted the view of the Supreme Court of New York, in Fox v. Smith, 3 Cowen 23, when it was ruled that the jury may be polled at the request of either party at any time before the verdict is recorded, whether it be sealed, or is oral. One of the judges remarked, 'Conceding that the judge may order the jury polled seems to give the party a right to insist on it.' ". See also *Rottmund v. Pennsylvania Railroad Company*, 225 Pa. 410, 74 A. 341, where the jury poll question was again raised but not decided.

In the early case of *Shamokin Coal and Iron Co. v. Mitman*, 3 Pa. 379, which has never been cited in a reported case, a verdict was delivered by the jury in the absence of defendant and his counsel. This was

found to be reversible error, Mr. Justice BURNSIDE giving as one of the reasons therefor, at page 380: ". . . He might have polled the jury at any time before the verdict was recorded, whether it was sealed or not. . . .", citing as authority the New York case of *Fox v. Smith,* 3 Cowen 23, which held the poll to be a right. While this seems to lean toward the "absolute right" view, it appears to have been impliedly overruled by the more recent case of *Sylvester et vir v. Pennsylvania Railroad Company,* 357 Pa. 213, 53 A. 2d 537, in which, in an opinion by Chief Justice MAXEY, the Court held that a verdict received by the trial court at 9:30 P.M. in the absence of counsel for the losing plaintiff, after unsuccessful attempts had been made to reach him by telephone, was a valid verdict.

One lower court decision in this Commonwealth adopted the view in 1886 that a jury poll is a matter of right, *White v. Archbald School Distr*ict, 2 Pa. C. C. 1; while the more recent cases have preferred to follow the *Scott v. Scott,* supra, view that a poll *may* be permitted, thus avoiding a more direct holding, for example, *Bennett v. Seitz et al.,* 54 Lanc. Law Reg. 19, 68 York 78.

The cases in other jurisdictions are divided on this question. Massachusetts, New Jersey, Ohio, California, New Hampshire, Colorado, Georgia, Florida and South Carolina adhere to the view that a jury poll in civil cases rests in the discretion of the trial court;[1] while

---

[1] *Ropps v. Barker et al.,* 4 Pick. 239 (Mass. 1826); *Weir v. Luz,* 137 N. J. L. 361, 58 A. 2d 550 (1948); *Landis v. Dayton, Wright,* 659 (Ohio, circa 1834); *Blum v. Pate,* 20 Cal. 69 (1862); *School Dist. No. 1 in Milton v. Bragdon & a.,* 23 N. H. 507 (1851); *Hindrey v. Williams,* 9 Colo. 371, 12 P. 436 (1886); *Peavoy v. Crawford,* 192 Ga. 371, 15 S. E. 2d 418 (1941); *Whitner v. Hamlin,* 12 Fla. 18 (1868); and *Martin v. Maverick,* 1 McCord S. C. 24 (1821).

the contrary view is indicated by New York, Indiana, Mississippi, Kansas, North Carolina, Virginia, Texas, Minnesota, Illinois, South Dakota, and the District of Columbia.[2]

It is clear that the only jury verdict which is valid is one announced in open court and there affirmed, Coke's Littleton 227b, 3 Blackstone's Commentaries 377, *Eastley v. Glenn*, 313 Pa. 130, 169 A. 433. If one juror withholds his assent, a verdict will not be permitted to stand, and certainly it follows that there must be an opportunity in open court to ascertain that the verdict is unanimous. The practice in the courts of this Commonwealth is for the trial judge or the clerk or other court official to read the jury's verdict back to it, and then ask if all assent thereto. If there be a dissent or if there is an indication from the jury that the verdict might be other than unanimous, it would surely be incumbent upon the trial judge to ascertain the unanimity of the jurors either by individual poll or other appropriate means. And not to check into the unanimity of the jury when good cause appears to question it, would certainly appear to be a dereliction in the performance of the trial court's duty. The question presented on this appeal is, absent any outward indication of a lack of unanimity,[3] is a trial court

---

[2] *Fox v. Smith*, 3 Cowen 23 (N. Y. 1824) ; *Carson v. Miami Coal Co.*, 194 Ind. 49, 141 N. E. 810 (1923) ; *James v. State*, 55 Miss. 57 (1877) ; *Thornburgh v. Cole*, 27 Kan. 490 (1882) ; *Broadway Bank of Kansas City v. Noble*, 203 N. C. 300, 165 S. E. 722 (1932) ; *Baltimore & O. R. R. Co. v. Polly, Woods & Co.*, 14 Grattan's Reports (55 Va.) 447 (1858) ; *Watchtower Mut. Life Ins. Co. v. Davis*, 99 S. W. 2d 693 (1936) ; *Weatherhead v. Burau*, 238 Minn. 134, 55 N. W. 2d 703 (1952) ; *Rigg v. Cook*, 9 Ill. 336 (1847) ; *Peart v. Chicago, M. & St. Paul Railway Co.*, 5 S. D. 337, 58 N. W. 806 (1894) ; and *District of Columbia v. Humphries*, 11 App. D. C. 68 (1897).

[3] None was asserted by counsel.

bound to take a poll in a civil case upon motion duly made?

It is our view that a trial judge is not bound to do so, but that taking a poll is a matter which rests within his sound discretion. He has had an opportunity to examine the demeanor of the jurors. He is in a position to determine whether there are any reasonable grounds to question the verdict as announced by the foreman. He is present at the making of the motion by counsel and is able to judge whether it is a mere formalistic grasping at straws or whether there is substance to it. The trial judge by tradition and of necessity is given considerable leeway in supervising the functioning of the jury. He has the duty of giving them instructions, he may give them further aid if requested during their deliberation, and the determination of how long the jury will be required to deliberate when it has difficulty in reaching agreement is a decision for him in his sound discretion to make. So too, we believe, the extent of the inquiry into the unanimity of the jury is a determination which must rest within his discretion. Our conclusion in this regard conforms with the long-standing recognition that the ultimate fairness of a judicial proceeding depends upon the wisdom and good judgment of the trial judge, and he should be given considerable latitude in the conduct of a trial.

The right which a litigant has is to have a verdict determined by a unanimous jury. One method, but not necessarily the only method, of assuring this right is by polling the jury to determine its unanimity. We think that an equally meritorious and certainly more expeditious method is the one in general use in this Commonwealth: that of having the foreman speak for the jury in announcing its verdict, having the jurors hearken unto their verdict as it is read back to them,

and asking them if they all agree to that verdict which has been announced in open court. The traditional function of the foreman is to speak for the jury, and the additional safeguard of giving the members of the jury an opportunity in open court to express any individual dissent, is ordinarily sufficient to guarantee the rights of the litigants. The right is to ascertain that the verdict is unanimous, not one to poll the jury. To elevate one of several possible procedures for insuring a right to the level of the right itself is to becloud the substance by concentrating on a formalism.

Argument was made here and in the court below as to when a motion to poll the jury may properly be made. It is sufficient to say that no single moment is the *only* moment at which the motion can be entertained. A poll cannot be taken after a jury having announced its verdict has dispersed and come into contact with other persons, *Walters v. Junkins,* 16 S. & R. 414; but, as stated by Justice (now Chief Justice) JONES in *Commonwealth v. Martin,* supra, at page 598: ". . . the recording of the verdict does not become unalterable until the opportunity of the jury to correct or alter it has passed with 'their dispersion.' . . .". A motion to poll, be it made at the moment the verdict is first announced in court, or even if made after the verdict is affirmed and "entered" of record, is still timely so long as it is made before the jury has dispersed.

Appellant has also contended that a new trial should be granted because of the contributory negligence of the appellee in not speeding up when he was part way through the intersection in the light of his discovery that appellant's automobile was bearing down upon him. He does not complain of the charge of the court, to which he took no exception in this regard, nor of any trial error. A review of the record convinces us

that the issue of contributory negligence was for the jury, and a reading of the charge shows that this issue was well explained and properly submitted to it. Appellant does not urge judgment n.o.v. (which in effect would be asking us to declare appellee guilty of contributory negligence as a matter of law), but only asks that a new trial be granted. The issue has already been properly submitted to and determined by the jury, and no sufficient reason has been advanced for allowing a new trial.

Judgment affirmed.