Stough, Appellant, *v.* Dickmann.

Argued November 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Richard H. Albert, with him Bernard Redlich, Robert Y. Cassol, and Redlich, Cassol, Redlich & Morocco, for appellant.

Edgar P. Herrington, Jr., with him Stewart, Belden, Sensenich & Herrington, for appellee.

OPINION BY CERCONE, J., March 29, 1976:

This is a personal injury action arising from an automobile accident, the facts of which are not relevant to this appeal. The case was tried on February 4, 5 and 6, 1974 and, on the morning of February 6, 1974 the case was submitted to the jury. Sometime later that morning the jury notified the court that it had some questions. These questions were answered by the court and the jury continued with its deliberation. Around the noon hour the judge, the parties, and counsel went to lunch. Shortly thereafter the jury signalled the tipstaff and stated that a decision had been reached. Since the judge, parties, and counsel were all at lunch the tipstaff told the jury foreman to note the decision and to then seal the verdict slip. After having done this the jury was permitted by the tipstaff to separately leave the jury room and go to lunch. Approximately one hour and a half later the jury returned to the jury box and the sealed verdict was announced. The verdict was in favor of plaintiff, Robert A. Stough, in the sum of $8,000.00. At the request of plaintiff's counsel the jury was then polled and each of the twelve jurors verbally indicated that the verdict announced was the verdict which they had unanimously

agreed upon. Plaintiff filed a motion for a new trial arguing that the separation of the jury prior to the announcement of its verdict to the court required a new trial. Such motion was rejected by the court en banc and plaintiff has now appealed to this court.

Plaintiff argues here, as he did in the court below, that since the jury was permitted to separate prior to announcing its verdict to the court a new trial is required. In support of this contention plaintiff cites several cases in which the Pennsylvania courts have shown their disapproval of the practice of allowing jurors to seal their verdict and separate before their verdict is announced to the court. The case of *Kramer v. Kister*, 187 Pa. 227 (1898) involves the traditional problem which arises from the use of a sealed verdict. In that case the jury reached a decision, sealed the verdict and then separated. The next morning the verdict was announced; however, when the jury was polled one juror dissented. The trial judge at this point sent the jurors out again and in a short time the jurors returned with a unanimous verdict. The defendant then appealed and the problem was resolved by our Supreme Court as follows: "When a juror dissents from a sealed verdict there is a necessary choice of evils, a mistrial or a verdict finally delivered under circumstances that justly subject it to suspicion of coercion or improper influences. We are of opinion that the former is the lesser evil." *Kramer v. Kister*, 187 Pa. at 236.

The problem of jurors dissenting from a sealed verdict again arose in *Eastley v. Glenn*, 313 Pa. 130 (1933). There the jury reached a verdict at 5:00 P.M. on a Friday. They sealed their verdict, separated and returned on Monday morning. When polled two of the jurors dissented from the sealed verdict. The jurors were sent back and returned without any dissenters. After appeal to our Supreme Court a new trial was granted and the following statement as to sealed verdicts was set forth:

"In closing, we are moved to deprecate the growing practice in trial courts of permitting juries to seal their verdicts, disperse and remain at large for several days before their verdict is taken in open court; the efficacy and strength of jury trial is in grave danger of being weakened and its high position in judicial procedure seriously endangered. Difficulties such as have arisen in the instant case can be avoided without undue effort. If the trial judge cannot be present to receive a verdict, he may have another member of his court present to receive it. Historically, it was the practice to compel juries to remain together until their verdict was announced. Convenience and the demands of modern life have caused a change in this custom. While we do not wish to be understood as holding such procedure necessary in every case, it is our judgment that every effort should be made by the trial judge to receive the verdict when the jury is ready to announce it, rather than to permit the jury to seal their verdict, disband, and risk the chance of an interference before they reassemble." *Eastley v. Glenn,* 313 Pa. at 134.

Another problem which can arise with the use of sealed verdicts is demonstrated by the case of *Wellitz v. Thomas,* 122 Pa. Superior Ct. 438 (1936). After having sealed the verdict the night before, the jury returned the next morning. The foreman, however, was absent due to illness. The verdict nevertheless was recorded. On appeal this court granted a new trial stating: "Until the actual announcement and recording of the verdict, in the presence of the court, anyone of the jurors had the right to dissent from it, and the unanimous verdict of the jury could only be established by the actual presence of the jury of twelve." *Wellitz v. Thomas,* 122 Pa. Superior Ct. at 441.

The Pennsylvania courts' dislike for the sealed verdict due to the problems which can occur is exemplified by the case of *Sylvester v. Pa. R.R. Co.,* 357 Pa. 213 (1947).

In that case the trial judge accepted a verdict in the absence of counsel rather than resort to a sealed verdict. Our Supreme Court affirmed the trial judge's actions stating: "There was no error for the trial judge to take, under these circumstances, the verdict of the jury in the absence of counsel. It was the duty of counsel to notify the trial judge or the court officers where counsel could be reached in the event that the jury reached a verdict that evening. It was a much better practice for the trial judge to take the verdict at the time it was taken than to permit the jury to seal its verdict, disperse, and remain at large until the next morning." *Sylvester v. Pa. R.R. Co.,* 357 Pa. at 214-215.

From the above cases it can be concluded that appellant is correct in contending that the Pennsylvania courts look upon the sealed verdict and the resulting separation of the jury with disfavor.[1] The reason for this disfavor is due to the numerous problems which can arise. However the Pennsylvania courts have not gone as far as plaintiff would have us go. In order to grant a new trial in the instant case the law would have to be such that it would absolutely preclude the use of a sealed verdict regardless of whether any party was prejudiced. This is not the law in Pennsylvania. While the sealed verdict is disfavored, a new trial is not mandated in every case in which it is used. In fact, there are a number of cases in which new trials were not granted even though problems as to the form of verdicts occurred after the use of a sealed verdict and separation of the jury. See *Bitting v. Wolfe,* 368 Pa. 167 (1951) ; *Smith v. Snowden Township,* 348 Pa. 187 (1943) and *Havranek v. Pittsburgh,* 344 Pa. 375 (1942).

It might be argued that in the instant case a new trial is necessary because the sealed verdict and separa-

---

1. It should be noted that Pennsylvania's disfavor with the separation of the jury before announcement of its verdict is not shared by the federal courts. See *Byrne v. Matczak,* 254 F.2d 525 (3d Cir. 1958).

tion of the jury were permitted by the tipstaff rather than by the trial judge. This procedure did not allow for the necessary instructions by the trial judge as to the jurors' obligations and responsibilities during the separation. See *Hostetler v. Kniseley*, 322 Pa. 248, 254-255 (1936). Indeed, we find the actions of the tipstaff highly improper and at the same time condemn a court's lack of proper supervision of a jury deliberation so as to permit any such occurrence as was experienced in the instant case. However, because in this case nothing occurred during the separation which would prejudice any party, this error does not necessitate a new trial. The general rule as to this problem is stated at 58 Am. Jur. 2d, New Trial §97: "It has come to be the general rule in civil trials to permit the jury, after proper admonition, to separate during recesses and adjournments of the court before the cause is finally submitted, but even assuming there has been no such admonition of the court, or even no permission by the court for the jury to separate, the mere fact of separation during the trial is not per se sufficient for setting aside the verdict and granting a new trial. It is only where it is made to appear that by reason of such separation there is a strong probability that the jury has been tampered with, or improperly influenced to return the verdict, that the question will be considered on application for a new trial. Moreover, in the absence of prejudice shown, the unauthorized separation of the jury in a civil case after the submission of the cause to the jury is not a ground for setting aside the verdict and granting a new trial. Such conduct does not, as a matter of law, invalidate the verdict, but is simply a circumstance which, with other circumstances, ought to be taken into account by the court in determining whether or not a new trial should be granted." [Footnotes omitted.][2]

---

2. For further discussion of this point see Annotation, 77 A.L.R. 2d 1086.

A new trial is not required simply because a sealed verdict was used, or because a separation of the jury occurred, or because the instructions for these happenings came from the tipstaff. As stated above, a new trial is required only when prejudice is established. In the instant case, no such prejudice has been shown. The record shows that although the verdict was sealed and the jury did disperse, upon their return an hour and a half later, the verdict was announced in open court and, when polled at the request of plaintiff, the jury was found to be unanimously in accord with the sealed verdict. Under the circumstances of this case a new trial is not necessary. However, we hasten to warn of the dangers of the practice of allowing a jury to disperse after it has reached the verdict. Particularly in cases such as the instant case where the dispersal was not preceded by instructions from the trial judge. Situations can easily arise, despite a properly determined verdict, which can bring about the necessity for a new trial when the jury is allowed to disperse after sealing their verdict. A sealed verdict is no verdict until announced in open court. When a jury is permitted to disperse prior to the announcement of their verdict a great possibility exists that unauthorized communications with the jury by outsiders or information not on the record may so influence one or more jurors that they will not agree with their sealed verdict. Fortunately this has not happened in the instant case and we are therefore able to affirm the decision of the lower court.

Judgment affirmed.

---

DISSENTING OPINION BY PRICE, J.:

The lower court recognized the question raised on this appeal to be whether or not a new trial is required where the *tipstaff*, without authority from the court and without notifying counsel, permitted the jury to disperse after

having reached a verdict which was sealed and handed to the *tipstaff* but before the verdict had been announced or recorded in open court. (Emphasis added)

The majority treats this aspect of the case as a possible argument, when indeed it is the only argument.

The taking of sealed verdicts under proper control and circumstances, while not favored under the law of this Commonwealth, is permitted but only as a matter of privilege accorded to a jury, subject to the exercise of a sound judicial discretion. This was clearly recognized in *Kramer v. Kister*, 187 Pa. 227 (1898), where the early history of privy verdicts and sealed verdicts is set forth in great detail, and in light of modern times and practices with some humor. The controlling principles set forth therein have not been changed through the years.

The lower court, by opinion, expressly finds that prior to announcing a verdict the jury left the jury room and dispersed for lunch and that this separation was not sanctioned by the court at anytime nor was it within the court's knowledge but was the sole act of the tipstaff in charge at that time.

It is thus clear that the procedure here involved was without any control, instruction or direction of the court. There was absolutely no prior opportunity for judicial consideration and hence no opportunity for the trial judge, in the exercise of discretion, to direct the procedure employed. With or without prejudice such practice should be strongly condemned and must always result in a new trial.

There is one further detail of error. The practice in early common law permitted a jury, always with the permission of the judge, to return a privy verdict to the *judge*. The sealed verdict procedure permits *the jury* to seal up its verdict and *the jury* to return it to open court at the next court session. This difference evidenced the strong policy of keeping the sealed verdict with *the jury* until recorded. It differed from privy verdicts in that it

by-passed the private deliverance of the return to the judge. In this case the deliverance was to the tipstaff, a procedure that, to my research, has never been approved in this jurisdiction, and indeed never should receive our sanction.

In those limited instances of extreme necessity where a sealed verdict is sanctioned by the court, the tipstaff should be informed that a verdict has been reached. The jury foreman should complete the verdict slip, sign and date it, place it in a sealed envelope and carry that envelope with him until handed up to the judge in open court. No other practice should be approved.

These procedures should be strictly enforced for no one can say with certainty that a litigant's case has or has not been adversely affected by a deviation from such procedure, and any deviation from this procedure should, to my view, require a new trial regardless of prejudice.

I would reverse the order of judgment and remand for a new trial.