426 A.2d 588

**COMMONWEALTH of Pennsylvania,**

v.

**Richard RUSH, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1981.

Decided March 13, 1981.

John G. McDougall, Philadelphia, for appellant.

Jean Marie Cella, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

During the first day of appellant's trial for murder and related charges, after the jury had been empaneled, the Commonwealth requested and was granted, over defense objection, an in camera hearing for a purpose which was not at the time revealed to the defense and from which appellant and his counsel were excluded. The opinion of the trial court, supported only by the court's affidavit, states that the ex parte hearing was held to consider a prosecution motion to have the father of the victim held as a material witness unless he agreed to disclose his address. In the affidavit, the trial court also states that the defense was excluded from the "hearing" because the prosecution believed that if the defense were present, the father of the victim would not reveal his address for fear of retaliation. This affidavit is in lieu of the transcription of the ex parte hearing. No official record has been made available either to this Court or to appellant.

Pa.R.Crim.P. 1117(a) guarantees a defendant the right to be present "at every stage of the trial including the impanelling of the jury and the return of the verdict ...." Clearly, when the trial judge, after the jury had been sworn, conducted a "hearing" attended by the Chief Deputy District Attorney, an Assistant District Attorney, and the father of the victim for the purpose of determining whether the victim's father could be held as a material witness, that hearing clearly implicated factual issues relating to appellant's guilt or innocence. Thus, the ex parte hearing was necessarily a stage of trial, see, e.g., *Commonwealth v. Scoleri*, 399 Pa. 110, 160 A.2d 215, cert. denied, 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72 (1960), and the defense should have been permitted to be present.

■ The exclusion of the defense from this "hearing" not only has the unmistakable appearance of impropriety but also was totally unnecessary. There is no absolute requirement that a Commonwealth witness divulge his address to the defense. See *Commonwealth v. Vorhauer*, 232 Pa.Super. 84, 331 A.2d 815 (1974). Indeed, that information was not even relevant until the court made the determination that the victim's father was in fact a material witness, at which point, if necessary, the court could simply have requested the witness to provide his address in writing.

. ■ At least as disturbing as the trial court's conduct of the ex parte hearing is its refusal to inform the defense of the nature of the "hearing" until after its completion. Such unnecessary secrecy is reminiscent of the Star Chamber proceedings which so concerned the Framers of our federal and state Constitutions. This Court, which has the constitutional obligation to supervise the administration of justice in the courts of this Commonwealth, must not allow such a flagrant departure from fundamental principles of fairness to escape without reprimand. Only because appellant has neither alleged nor the record displayed any actual prejudice to appellant's trial resulting from the court's improper ex parte "hearing" is the judgment of sentence affirmed.