**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**Mark D. RESSLER, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 2002.
Filed April 29, 2002.

James D. Caruthers, Greensburg, for appellant.

Patricia L. Elliott, Assistant District Attorney, Greeensburg, for Com.

BEFORE: JOHNSON, BENDER and MONTEMURO, JJ.

OPINION BY MONTEMURO*, J.:

¶ 1 Appellant, Mark Ressler, appeals the judgment of sentence entered July 31,

* Retired Justice assigned to Superior Court.

2001, in the Westmoreland County Court of Common Pleas, following his conviction of endangering the welfare of children, 18 Pa.C.S.A. § 4304, corruption of minors, 18 Pa.C.S.A. § 6301, and furnishing liquor to minors, 18 Pa.C.S.A. § 6310.1. We affirm.

¶ 2 In July of 1999, Appellant's then 15 year old stepdaughter accused him of sexually abusing her over the previous two years. Appellant was subsequently charged with aggravated indecent assault, indecent assault, corruption of minors (two counts), endangering the welfare of children, and furnishing liquor to minors. After three days of testimony, the jury began deliberating on March 9, 2001. Two hours into the deliberations, Appellant began suffering chest pains and was taken to the hospital. The jury was unaware of Appellant's condition and, therefore, continued deliberating.

¶ 3 Shortly thereafter, the jury sent a note to the judge asking him to redefine aggravated indecent assault, endangering the welfare of children, and indecent assault. The judge met with counsel to discuss the matter. Appellant's attorney objected to any recharge in Appellant's absence. However, the judge overruled the objection and re-read the requested instructions to the jury; he also explained to the panel that Appellant had a medical problem, and that they were not to draw any inference from his absence.

¶ 4 Less than two hours later, the jury indicated that they had reached a verdict. At that point, however, Appellant was still at the hospital and his prognosis was unknown. Although the court suggested sealing the verdict pursuant to Pa.R.Crim. P. 649 (formerly Rule 1121),[1] Appellant's counsel refused to consent to the sealing of the verdict as required by the Rule. Therefore, the judge fashioned his own remedy

to safeguard the verdict. He placed the verdict slip, which was in a sealed envelope, in a locked safe in his chambers until Appellant was physically able to appear in court. Appellant's counsel objected to the court's homemade remedy and moved for a mistrial, which the court denied. When the jury reconvened, the judge informed them that Appellant was still medically unavailable, and that they would, therefore, have to return to court for the announcement of the verdict. The judge admonished the jury that they were still under oath, and could not discuss their deliberations or verdict.

¶ 5 On March 19, 2001, Appellant appeared in court for the verdict. The jury found him guilty of endangering the welfare of children and one count of corruption of minors; they returned not guilty verdicts on the charges of aggravated indecent assault, indecent assault, and a second count of corruption of minors. In addition, the court found Appellant guilty of the summary offense of furnishing liquor to minors. After the verdict was announced, the jury was polled, and all twelve jurors unanimously affirmed the verdict.

¶ 6 Appellant filed post trial motions, which were denied following a hearing. On July 31, 2001, Appellant was sentenced to 1 ½ to 7 years' imprisonment for endangering the welfare of children, and a concurrent 6 months to 5 years' imprisonment for corruption of minors. This timely appeal follows.

¶ 7 Appellant raises the following two issues for our review:

I. DID CHARGING THE JURY IN THE UNAVOIDABLE ABSENCE OF THE DEFENDANT VIOLATE

---

1. When a trial court seals a verdict pursuant to Rule 649, the verdict remains in the custody of the jury foreman until it is formally announced in court. Pa.R.Crim. P. 649(B).

ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION AND PENNSYLVANIA RULE[] OF CRIMINAL PROCEDURE NO. 1117?

II. DID THE COURT'S "HOMEMADE" REMEDY REGARDING THE JURY'S VERDICT VIOLATE THE DEFENDANT'S RIGHTS UNDER PA.R.CRIM. NO. 1121(a) AND (b)?

(Appellant's Brief at 6). For the reasons set forth below, we affirm.

■■■■ ¶ 8 It is axiomatic that a defendant has a constitutional right to be present during every stage of his criminal trial. *Commonwealth v. Rompilla*, 554 Pa. 378, 721 A.2d 786, 793 (1998). *See* Pa. Const. art. I, § 9.[2] This right is codified in Pennsylvania Rule of Criminal Procedure 602(A) (formerly Rule 1117):

> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict and the imposition of sentence.

In the present case, Appellant contends that his constitutional right to be present during all phases of trial was violated when the court re-instructed the jury in his absence. We disagree.

¶ 9 Appellant concedes that the court's re-instruction on the charges of aggravated indecent assault, indecent assault, and endangering the welfare of children was merely a verbatim repetition of the charge it had given earlier that day. Indeed,

Appellant failed to object to the substance of the charge on either occasion. Rather, he argues that a trial court commits *per se* reversible error when it proceeds with any aspect of the trial in the absence of the defendant: "While it iw [sic] unlikely that a client, unlearned in the law, will offer helpful advice or guidance, . . . he is to have the *opportunity* to do so." (Appellant's Brief at 13) (emphasis original).

¶ 10 We find, however, that Appellant must demonstrate some prejudice resulting from the court's actions. In *Commonwealth v. Rush*, 493 Pa. 358, 426 A.2d 588 (1981), the Pennsylvania Supreme Court considered whether a trial court committed reversible error when it excluded the appellant and his counsel from an *in camera* hearing to determine whether the father of the victim would be held as a material witness; indeed, the court did not inform the appellant of the nature of the hearing until after it was completed. Although the Supreme Court found the trial court's behavior "a flagrant departure from fundamental principles of fairness," *id.* at 589, it declined to grant any relief: "Only because appellant has neither alleged nor the record displayed any actual prejudice to appellant's trial resulting from the court's improper ex parte 'hearing' is the judgment of sentence affirmed." *Id.* See *Commonwealth v. Stilley*, 455 Pa.Super. 543, 689 A.2d 242, 252 (1997) (holding court's ex parte communication with jury, to inquire as to progress of deliberations, not reversible error; appellant failed to allege any prejudice and court had special reason for inquiry); *Commonwealth v. Galloway*, 302 Pa.Super. 145, 448 A.2d 568, 573 (1982) (finding court's re-reading of

---

**2.** "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have com-

pulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; . . ."

selected portions of testimony upon jury's request in absence of appellant harmless error; although proper procedure calls for review in open court, appellant alleged no prejudice).

¶ 11 This Court's decision in *Commonwealth v. Maroney*, 178 Pa.Super. 633, 116 A.2d 301 (1955), is on point. In *Maroney*, the appellant argued that "he was denied due process in that he was not present at all stages of his trial ..." *id.* at 302, when the trial court gave additional instructions to the jury in the absence of both the appellant and his counsel. We found, however, that the additional instructions were merely a repetition of the original charge, which was received without objection from the appellant. More importantly, the appellant failed to allege any prejudice as a result of his absence. Accordingly, we held,

> Additional instructions given by the trial judge to a jury after they have retired which simply restate a part of the original charge and constitute a correct statement of the law do not prejudice or harm a defendant even though neither he nor his counsel were present or even aware of the instructions at the time they were given.

*Id.* at 303.[3] In the present case, Appellant's counsel was present during the re-

charge and raised no objection to the instructions as given. In the absence of any allegation of prejudice, Appellant is entitled to no relief.

¶ 12 Next, Appellant contends that the trial court committed reversible error when it effectively sealed the verdict without following the procedures set forth in Pennsylvania Rule of Criminal Procedure 649 (formerly Rule 1121). Again, we disagree.

■ ¶ 13 Pa.R.Crim. P. 649 provides:

(A) Upon the consent of all parties the judge may permit the jury to seal its verdict.

(B) The sealed verdict shall remain in the custody of the foreman of the jury who shall bring it to the next session of court stated by the trial judge. Once a verdict is sealed, the jurors may separate, but all jurors must return to open court to render the jury's verdict, with all parties present.

(C) If upon the poll of a jury there is no concurrence with a sealed verdict, the judge shall not accept the verdict, but shall declare a mistrial and discharge the jury.

---

**3.** Appellant's attempts to distinguish *Maroney* fail. First, he implies that we did not give full consideration to the appellant's claims since *Maroney* involved a *pro se* appeal. This contention is simply insulting to the Court. Second, Appellant argues that *Maroney* did not involve a claim under the Pennsylvania Constitution. However, Appellant fails to explain how the protection afforded under our state's Constitution differs from that provided by the federal Constitution. Lastly, Appellant suggests that the *Maroney* decision is incorrect, as it fails to distinguish two earlier cases, *Commonwealth v. Diehl*, 378 Pa. 214, 107 A.2d 543 (1954) and *Commonwealth v. Cohen*, 133 Pa.Super. 437, 2 A.2d 560 (1938). However, *Diehl* and *Cohen* are clearly distin-

guishable. In *Diehl*, the appellant's attorney failed to object when the trial court gave additional instructions to the jury in the absence of the appellant. Moreover, counsel failed to request that the proceeding be recorded. Therefore, the Supreme Court found the issue waived. *Diehl, supra* at 545. In *Cohen*, the trial court customarily gave a general charge to the jury pool in the beginning of each week. The court then referred to the general charge, which was not transcribed, when instructing the jury in Cohen's case. We reversed on appeal. Since the earlier instructions were not transcribed, we could not determine whether the appellant suffered any prejudice as a result. *Cohen, supra* at 563.

Here, Appellant's counsel would not consent to a sealed verdict; therefore, the court could not and did not proceed under the Rule. Indeed, rather than permit the verdict to remain in the custody of the jury foreperson, the court took possession of the verdict slip and locked it in a safe until Appellant was physically able to appear in court ten days later. Appellant contends that the only means of sealing a verdict available to a trial court is that provided for in Pa.R.Crim. P. 649, and that failure to follow the procedures set forth therein is *per se* reversible error. We disagree.

¶ 14 When Appellant's counsel refused to consent to sealing the verdict, the trial court was faced with a dilemma; it could declare a mistrial, after three days of testimony and four hours of deliberation, or safeguard the verdict in some other way. The court chose the latter. After the verdict was announced in open court ten days later, the jurors were polled, and all twelve unanimously affirmed the verdict. Indeed, Appellant fails to allege any prejudice as a result of the court's "homemade remedy." Without such an assertion, we find he is entitled to no relief.

¶ 15 This court's decision in *Stough v. Dickmann*, 238 Pa.Super. 619, 361 A.2d 639 (1976), is instructive. In that case, while the judge and the parties were at lunch, the jury alerted the court's tipstaff that they had reached a verdict. Without consulting the judge, the tipstaff instructed the jury foreman to seal the verdict slip. After doing so, the jury was permitted to separate for lunch. The verdict was subsequently announced in open court later that day. When the jurors were polled, each indicated that the verdict was correct. This Court affirmed on appeal. Although we found the tipstaff's actions "highly improper," and we criticized the trial court's "lack of proper supervision of a jury deliberation," we concluded that the

error was harmless as the appellant failed to demonstrate any prejudice. *Id.* at 641.

¶ 16 Although *Stough* was a civil case and did not concern a purported violation of a procedural rule, we find its principles applicable here. The Rules of Criminal Procedure must be "construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Pa.R.Crim. P. 101(B). When Appellant's counsel refused to consent to sealing the verdict according to the Rule in Appellant's absence, the court crafted a solution to the problem that eliminated the expense and delay of a retrial, while protecting the integrity of the jury's verdict. Because Appellant has failed to allege any prejudice resulting from the court's actions, we find he is entitled to no relief.

¶ 17 Judgment of sentence affirmed.