**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Aaron JONES A/K/A Allen**
**Turner, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 3, 2005.

Filed March 29, 2005.

William C. Kaczynski, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., and Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: JOYCE, TODD, and KELLY, JJ.

OPINION BY JOYCE, J.:

¶ 1 Aaron Jones A/K/A Allen Turner (Appellant) purports to appeal from the order entered on October 27, 2003, that dismissed his claims of ineffective assistance of trial counsel. However, the appeal is properly from the judgment of sentence entered on October 27, 1999 in the Allegheny County Court of Common Pleas. The reason for this discrepancy will be discussed below.

¶ 2 On June 23, 1998, Appellant was arrested and charged with possession of a controlled substance (35 P.S. § 780–113(a)(16)), possession of a controlled substance with intent to deliver (35 P.S. § 780–113(a)(30)), aggravated assault (18 Pa.C.S.A. § 2702(a)(3)), riot (18 Pa.C.S.A. § 5501), resisting arrest (18 Pa.C.S.A. § 5104), and tampering with evidence (18 Pa.C.S.A. § 4910). A jury trial was held beginning on August 19, 1999. The Commonwealth withdrew the two drug charges, and the trial court granted Appellant's motion for judgment of acquittal as to the count charging riot. The jury returned a verdict acquitting Appellant of tampering with evidence but found Appellant guilty of aggravated assault and resisting arrest. The trial court sentenced Appellant on October 27, 1999 to 2 to 4 years of incarceration for the aggravated assault conviction, but ordered to serve no further penalty for the resisting arrest conviction.

¶ 3 No post-sentence motions were filed, but Appellant's counsel withdrew from representation due to Appellant's claims of ineffective assistance of counsel. The trial court appointed new counsel to represent Appellant on appeal. When this case first came before our Court, we remanded the matter to the trial court to hold an evidentiary hearing with respect to the numerous claims of ineffective assistance of counsel. *Commonwealth v. Jones,* 766 A.2d 888 (Pa.Super.2000) (unpublished memorandum). The trial court dutifully complied, held hearings on this matter, and issued an order dated October 27, 2003, that dismissed Appellant's claims, finding them to be without merit. Accordingly, this case is in the procedural posture of a direct appeal from the judgment of sentence entered on October 27, 1999.

¶ 4 In this appeal, Appellant raises multiple claims of trial counsel ineffectiveness. The issues raised are reproduced verbatim below:

I. WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO REQUEST A MISTRIAL IN LIGHT OF THE TRIAL COURT'S EXPRESSION OF CONCERN ON THE RECORD THAT THE JURY MIGHT HAVE BEEN TAINTED, THEREBY DEPRIVING [APPELLANT] OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS, FAIR TRIAL AND THE EFFECTIVE ASSISTANCE OF COUNSEL. AMD [SIC] WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO COMMUNICATE WITH [APPELLANT] REGARDING THE JURY ISSUE, IN FAILING TO ENSURE HIS PRESENCE FOR THESE PROCEEDINGS, AND IN DECLINING A

MISTRIAL WITHOUT CONSULTING HIM.

ALTERNATIVELY, WHETHER THE TRIAL COURT ERRED IN CONSIDERING AND RULING ON AN ISSUE INVOLVING PREJUDICIAL IMPROPER COMMUNICATION WITH THE JURY AND IN CONDUCTING A JURY VOIR DIRE WITHOUT ENSURING [APPELLANT'S] KNOWLEDGE AND PRESENCE.

II. WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO BRING TO THE ATTENTION OF THE JURY THE FACT THAT AN ARRESTING TESTIFYING OFFICER HAD BEEN THE SUBJECT OF CITIZEN POLICE REVIEW BOARD PROCEEDINGS WHICH UNANIMOUSLY FOUND HIM TO HAVE USED EXCESSIVE FORCE AGAINST [APPELLANT], WHERE THE CRITICAL IMPEACHMENT EVIDENCE WOULD HAVE EXPOSED THE OFFICER'S MOTIVE, ILL WILL AND BIAS IN A CASE WHICH HINGED ON CREDIBILITY, AND WHERE THE EVIDENCE WAS OTHERWISE CLOSE.

III. WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO DEVELOP, INVESTIGATE OR RAISE AS A MATTER OF DEFENSE AND IMPEACHMENT OF THE ARRESTING OFFICERS THE FACT THAT AT THE TIME OF THE ARREST [APPELLANT] HAD A DISABLING PIN IN HIS RIGHT LEG AND A BULLET INJURY TO HIS BACK, MAKING HIGHLY UNLIKELY THE OFFICERS' TESTIMONY THAT HE HAD ASSAULTED THEM AND RESISTED ARREST.

Brief for Appellant, at 5.

■ ¶ 5 As discussed above, this is a direct appeal that raises challenges to the effective assistance of counsel. Accordingly, we must determine whether these claims are properly before our Court. In *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002) our Supreme Court announced that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Grant*, 813 A.2d at 738. However, the rule in *Grant* does not preclude all ineffective assistance of trial counsel claims on direct appeal. An appellate court may review ineffectiveness claims on direct appeal where there is an evidentiary record developing the claims and a trial court opinion addressing them. *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003). In the case at bar, there is a sufficient evidentiary record that will permit this Court to address Appellant's claims on the merits.

¶ 6 To prevail on an ineffective assistance of counsel claim, the appellant must overcome the presumption of competent representation by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Ross*, 856 A.2d 93 (Pa.Super.2004). With these principles in mind, we will proceed to a discussion of the claims Appellant has raised.

■ ¶ 7 In his first issue, Appellant claims that counsel was ineffective for failing to move for a mistrial regarding an improper communication with a juror, and for failing to communicate this issue to Appellant. A brief history is in order.

¶ 8 During Appellant's trial, the tipstaff was informed that when one of the jurors was walking to the bus during recess, a car pulled up with one of Appellant's co-defendant's in the back seat. The driver of this car said to the juror, something to the effect "did you find him not guilty?" Upon learning of this incident, the trial judge stated that she believed a mistrial was in order. However, the juror was brought before the court and questioned about the incident. The court then questioned every juror about the incident to determine if a mistrial was warranted. The trial court heard from counsel, and counsel agreed that a mistrial was not necessary. It is trial counsel's assent to continue the trial and failure to communicate this information to Appellant that forms the basis of his challenge.

¶ 9 At the hearings held regarding Appellant's claims of ineffectiveness, Appellant's trial counsel, who declined the mistrial, testified as to the reasons for not requesting the mistrial. Attorney Paul Cozza testified that on the day in question he was substituting for Appellant's regular trial counsel, Attorney Robert Stewart. Attorney Stewart was not present that day, as he had another engagement, and there was only to be a recharge of the jury, which Attorney Stewart believed could be handled by Attorney Cozza. Attorney Stewart's advice to Attorney Cozza was to follow Attorney Foglia's lead with respect to any questions that may arise.[2] When Attorney Foglia declined a mistrial, Attorney Cozza did the same.

¶ 10 Attorney Stewart testified that Appellant had the right to be present at the hearing, and that he would have consulted with Appellant regarding the mistrial.

However, he would have strongly counseled Appellant against it, as he thought the case was going well for the defense, as did counsel for Appellant's co-defendants.

¶ 11 Upon review, we find that Appellant is entitled to a new trial. The law is clear that a defendant has a right to be present at every stage of the proceedings. Pa. R.Crim.P. 602; *Commonwealth v. Ressler*, 798 A.2d 221 (Pa.Super.2002). Here, it was not until after the hearing was over that Appellant learned that: 1) Attorney Cozza was substituting for Attorney Stewart; 2) there was an issue with respect to an improper communication with a juror; or 3) that the trial court held a hearing on this matter and asked counsel if he wanted a mistrial.

¶ 12 Again, Appellant was never apprised of the communication with the juror. While Attorney Stewart testified that he would have advised against a mistrial because he believed the case was going well for Appellant, there is no evidence that Attorney Cozza had any information regarding the chance of Appellant's success. We cannot find that Attorney Cozza's following Attorney Foglia's lead was a reasonable strategy; rather, it was a blind guess tantamount to providing Appellant no counsel at all. Pursuant to the standard enumerated above, Appellant no doubt suffered prejudice in this case. Appellant wanted the mistrial, the trial court would have granted it, and therefore, but for Attorney Cozza's actions, the result of the proceeding would have been different. Accordingly, we are constrained to vacate the judgment of sentence and remand this case for a new trial.

¶ 13 Judgment of sentence vacated. Case remanded for a new trial. Jurisdic-

---

2. *Attorney Foglia was counsel for one of Appellant's co-defendants.*

tion relinquished.[3]

---

**3.** In light of our disposition of Appellant's first issue, we need not reach the balance of the questions presented.