J-S67010-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK DARNELL GILMORE, | : | |
| | : | |
| Appellant | : | No. 489 MDA 2015 |

Appeal from the Judgment of Sentence February 13, 2015,
Court of Common Pleas, York County,
Criminal Division at No. CP-67-CR-0008002-2013

BEFORE: BOWES, PANELLA AND PLATT*, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 26, 2016**

Appellant, Mark Darnell Gilmore ("Gilmore"), appeals from the

judgment of sentence entered on February 13, 2015 by the Court of

Common Pleas, York County. After careful review, we affirm.

The trial court provided the following summary of the factual and

procedural history.

> On October 17, 2013, Officer Ryan Thomas responded to
> Walmart for a reported theft. Walmart's loss prevention
> representative told Officer Thomas that she observed the
> Defendant, Mark Darnell Gilmore, place two hooded sweatshirts
> and one Bluetooth device into his cart. Simultaneously, she also
> observed [Gilmore] conceal another, identical Bluetooth device
> in the sweatshirt rack. [Gilmore] then paid for the two hooded
> sweatshirts and first Bluetooth device, and left the store. A few
> minutes later, [Gilmore] reentered the store and retrieved two
> more hooded sweatshirts and the second Bluetooth device he
> had earlier concealed. [Gilmore] was observed taking these
> items to the customer service desk, where he returned those
> items using the receipt from the previous transaction. [Gilmore]

_____

*Retired Senior Judge assigned to the Superior Court.

was given his refund of $49.82, and he then attempted to leave the store. However, he was stopped before exiting and the police were called.

After reading [Gilmore] his **Miranda** warnings, Officer Thomas questioned [Gilmore], at which time he admitted to returning items he did not purchase. [Gilmore] returned the $49.82 that he received from the customer service desk and was charged with one count of [t]heft by [d]eception.[1]

A set of stipulated facts was submitted as Commonwealth's Exhibit #1.

On November 14, 2013, [Gilmore], represented by Catherine Himes, filed a timely [Accelerated Rehabilitation Disposition ("ARD")] application with the District Attorney's office. The District Attorney's office accepted [Gilmore] into the program, and scheduled his ARD [p]lacement hearing for January 31, 2014.

Prior to the ARD hearing, and pursuant to procedures recently instituted by the ARD office and the [c]ourt, the ARD office forwarded to [the trial court] [j]udge a list of the offenses for each defendant being considered for ARD and a summary of each defendant's prior record.

At the time of the ARD hearing, but prior to the start of the actual hearing, [the trial court] [j]udge expressed concerns to the ARD representatives and to representatives of the District Attorney's office that [Gilmore] should not be accepted on ARD because of his prior record. Neither [Gilmore] nor his counsel were involved in those discussions.

Notwithstanding that, [Gilmore] failed to appear for the ARD acceptance hearing, so the [c]ourt's concerns became moot. After [Gilmore's] failure to appear, the District Attorney formally denied the ARD application on February 4, 2014. [Gilmore], through counsel, asked to be reconsidered for ARD on February 11, 2014. On February 26, 2014, the District Attorney's office denied [Gilmore's] reconsideration request by letter.[2]

- 2 -

Defense counsel submitted a [m]otion for [a]dmission into the ARD Program on July 8, 2014. This [c]ourt scheduled a hearing for July 10, 2014.

---

[1] 18 Pa.C.S.A. § 3922(a)(1).

[2] The denial letter cited[] [Gilmore's] failure to appear at placement hearing; other felony within 10 years; and "District Attorney exercises [sic.] at last hearing court indicated would not accept this defendant."

Trial Court Opinion, 12/31/14, at 1-3 (footnotes in original).

At the hearing, Gilmore testified that he did not appear at the ARD acceptance hearing because he never received the hearing notice. Attorney Himes argued, and the District Attorney conceded, that ordinarily, "if defense counsel submits an ARD reconsideration letter indicating why [the defendant] failed to appear … [the District Attorney] will accept [him or her] and do a new placement date, but they will add additional conditions, such as additional community service." N.T., 7/19/14, at 7-9. The District Attorney, however, stated that the rejection in this instance was based on the fact that the trial court expressed reservations about admitting Gilmore to the program at the time of the ARD acceptance hearing. Attorney Himes asserted that this constituted error because if the trial court judge had not expressed his concerns *ex parte* to the District Attorney, the District Attorney would have given Gilmore a new placement date with additional conditions. The trial court took the matter under advisement.

- 3 -

On December 31, 2014, the trial court issued its decision denying Gilmore's motion for admittance into the ARD program. The trial court cited Gilmore's failure to appear at the initial ARD placement hearing and the similarity between the offense with which he was charged and a prior conviction of interstate transportation of stolen property as the reason for the denial. Trial Court Opinion, 6/9/15, at 3.

At a bench trial on February 13, 2015, the trial court found Gilmore guilty of theft by deception and sentenced him to twelve months of probation. Gilmore timely filed a notice of appeal. On appeal, he raises the following issues for our review:

> 1. Whether the District Attorney abused his discretion when he rescinded [Gilmore's] acceptance into the ARD program based on the trial court's ex parte communications expressing concerns about [Gilmore's] admission into the program, despite [Gilmore] previously meeting the District Attorney's criteria for ARD?
>
> 2. Whether the trial court abused its discretion when it advised the District Attorney in an ex parte communication expressing concerns about [Gilmore's] admittance into the ARD [p]rogram without providing [Gilmore] with a timely opportunity to respond before the District Attorney revoked [Gilmore's] acceptance into the program?
>
> 3. Whether the trial court abused its discretion when it denied [Gilmore']s Motion for Admission into the ARD [p]rogram under the circumstances of his particular case?

Gilmore's brief at 4.

We review a denial of admission into ARD for an abuse of discretion. ***Commonwealth v. Fleming***, 955 A.2d 450, 453 (Pa.Super. 2008).

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Id*. (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000)).

"ARD is a privilege, not a right, and the decision to submit a matter for ARD is in the sole discretion of the district attorney." *Commonwealth v. Morrow*, 650 A.2d 907, 910 (Pa.Super. 1994) (citing *Commonwealth v. Hyde*, 594 A.2d 703, 704 (Pa.Super. 1991)).

[A]bsent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Commonwealth v. Cline*, 800 A.2d 978, 981 (Pa.Super. 2002) (quoting *Commonwealth v. Lutz*, 495 A.2d 928, 935 (Pa. 1985)).

The crux of Gilmore's arguments on appeal is that the District Attorney withdrew the recommendation for his admission into the ARD program based upon an *ex parte* communication between the trial court and the District Attorney. As part of the Commonwealth's freedom to submit a case or not

- 5 -

submit a case, however, it is well settled that "the Commonwealth should be entitled to withdraw its ARD recommendation at any point before the trial court rules on the motion." *Cline*, *supra* at 982. In this case, the District Attorney's withdrawal of the recommendation occurred after Gilmore failed to appear at the ARD acceptance hearing and after the trial court expressed reservations about admitting Gilmore. Because Gilmore failed to appear at the hearing, the trial court never had an opportunity to rule on the District Attorney's motion. Thus, the withdrawal was both permissible and within the District Attorney's discretion pursuant to *Cline*.

Moreover, we are unable to discern of any abuse of discretion by the District Attorney as "nothing in the record suggests that the Commonwealth revoked its recommendation for 'obviously prohibited' considerations such as race or religion." *Id*. We are left to determine, therefore, whether the District Attorney's decision to withdraw the recommendation, which admittedly was influenced by his conversation with the trial court regarding the trial court's reservations about admitting Gilmore, was an abuse of discretion.

This Court has established that "[t]he judiciary is not afforded any role in [the ARD] process until the Commonwealth has made the initial motion. The facts of the case are then presented to a judge at a hearing. That hearing is the first time the judicial system is implicated in the ARD process." *Commonwealth v. Ayers*, 525 A.2d 804, 806 (Pa.Super. 1987)

(internal citation omitted). Nevertheless, "considerations of historical spheres of responsibility and the plain language of the Rules [of Criminal Procedure] leads us to conclude that the trial judge is required to interpose his judgment into the ARD process once it has been initiated by the district attorney." *Id*.

In this case, the District Attorney appeared before the trial court with a list of defendants for admission to the ARD program. The District Attorney was set to make the motion to recommend Gilmore's admission, being thwarted only by Gilmore's failure to appear. At that time, the trial court expressed concerns regarding Gilmore's prior record. We are without a record of the discussion between the trial court and the District Attorney, apparently in open court, and there is no evidence otherwise in the record to suggest that the trial court interfered with the prosecutor's discretion to admit Gilmore to the ARD program. The District Attorney testified:

> Normally [if] someone fails to appear and provides adequate excuse as to why they didn't appear, we will consider them for readmission usually providing an additional five hours of community service for their failure to appear.
>
> However, in this case the rejection was based on the [c]ourt had indicated to us and I felt it would be inappropriate to submit this individual because of the [c]ourt's concerns.

N.T., 7/19/14, at 7-8.

Although the District Attorney's decision was influenced by the trial court's discussion, Gilmore does not argue, and the record does not reflect,

that the trial court instructed the District Attorney to withdraw the application, nor is there evidence to suggest that the trial court otherwise interfered with the autonomy of the District Attorney.

Gilmore does not cite any authority to support his argument that the trial court's communications with the District Attorney, at the time and place of the hearing regarding his admission to the ARD program, constitutes *ex parte* communication. Nevertheless, even assuming for the sake of this argument that the trial court's *ex parte* discussion with the District Attorney in the absence of Gilmore or his attorney was error, we conclude that this error does not warrant recourse as the record does not demonstrate that Gilmore was prejudiced.[1] This Court has established that the appellant "must demonstrate some prejudice resulting from the court's actions" to be entitled to relief. **Commonwealth v. Ressler**, 798 A.2d 221, 223 (Pa.Super. 2002); *see also Commonwealth v. Rush*, 426 A.2d 588, 589 (Pa. 1981) (concluding that the trial court's improper *ex parte* hearing, which had "the unmistakable appearance of impropriety [and] also was

---

[1] We note that our decision herein does not decide whether the discussion between the trial court and the district attorney constitutes an *ex parte* communication, which, "by definition, involves the inclusion of one party in a consultation with a judge over the exclusion of another." **Commonwealth v. Gonzalez**, 112 A.3d 1232, 1240 (Pa.Super. 2015) (italicization omitted). We note that the communication occurred at the time and place of a scheduled hearing and thus, the exclusion of Gilmore was as a result of his failure to appear.

totally unnecessary" did not warrant relief as the appellant "neither alleged nor the record displayed any actual prejudice to appellant's trial").

In this case, the trial court stated that if Gilmore had appeared for his hearing, the decision of whether or not to admit him to the ARD program would have been made at that time based on the information provided to the trial court, which included the details of Gilmore's criminal history. N.T., 7/19/14, at 23-24.[2] The record reflects that the trial court's decision on Gilmore's application did not occur until the July 19, 2014 hearing on Gilmore's motion to compel his admission to the program. It was in the trial court's discretion to make this same decision had Gilmore appeared at the originally scheduled hearing. As a result, we conclude that the trial court's error in communicating with the District Attorney, if any, did not prejudice Gilmore. Accordingly, no relief is due.

Gilmore also contends that the trial court abused its discretion by denying his request for admission into the ARD program because the trial court admitted other applicants who had similar criminal records. Gilmore's

---

[2] In his brief, Gilmore asserts that the factual basis for his prior conviction was not contained in the record, and therefore, the trial court either made assumptions or the District Attorney provided evidence *ex parte* regarding his prior conviction. Gilmore's brief at 21-22. As the trial court explained at the July 19, 2014 hearing, the newly implemented policy of the District Attorney was to provide the trial courts "information on the various [d]efendant[s'] backgrounds prior to the actual proceeding that would formally accept them into the ARD program." N.T., 7/19/14, at 23. Thus, the record establishes that the trial court acquired knowledge of Gilmore's criminal record through this established procedure, the propriety of which Gilmore does not challenge.

brief at 22-23. Gilmore asserts that the trial court showed bias and partiality in denying his admission. *Id*. at 23. As counsel for Gilmore conceded at the July 19, 2014 hearing, however, the other applicants Gilmore refers to did not miss their court date. N.T., 7/19/14, at 17-18. Gilmore does not cite to any authority to support his claim that the trial court's decision constituted an abuse of discretion. Thus, the claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2016