J-S77010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARNELL K. DAVIS | : | |
| | : | |
| Appellant | : | No. 3932 EDA 2017 |

Appeal from the Judgment of Sentence July 12, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008343-2016

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: **FILED MARCH 07, 2019**

Karnell Davis appeals from the judgment of sentence imposed on July 12, 2017, in the Court of Common Pleas of Philadelphia County following his guilty plea to possession with intent to deliver, possession of a controlled substance, fleeing or attempting to elude a police officer, and driving with a revoked or suspended license.[1] At the same proceeding, Davis was also sentenced regarding a violation of probation.[2] Davis contends, and both the Commonwealth and trial court agree, that he was improperly sentenced while

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§780-113(a)(30), (a)(16); 75 Pa.C.S. §§ 3733(a) and 1543(a).

[2] Davis had been previously sentenced on both dockets and had filed a motion for reconsideration. Sentence had been vacated prior to the hearing on the motion for reconsideration, which was held on July 12, 2017.

he was not present in the courtroom.[3]  Accordingly, we vacate the judgment of sentence and remand this matter for resentencing.

As all the parties to the matter are well aware of the factual and procedural history, and are in agreement regarding the resolution of this appeal, we will simply refer to the record in that regard.  We add only that it is well settled that a criminal defendant has both the federal and state constitutional right to be present during all critical phases of the proceedings.  *See Snyder v. Massachusetts*, 54 S.Ct. 330 (1934); *Commonwealth v. Ressler*, 798 A.2d 221 (Pa. Super. 2002).  This right has been included in the Pennsylvania Rules of Criminal Procedure at Pa.R.Crim.P. 602(A), which states:

> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and **at the imposition of sentence**, except as otherwise provided by this rule.  The defendant's absence without cause shall not preclude proceeding with the trial including a return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(A) (emphasis added).

All parties agree that the authorities did not bring Davis into the courtroom; Davis bore no responsibility for his absence.

---

[3] This appeal is related to the appeal at 2582 EDA 2017; trial court docket 51-CR-0001149-2013.  The related appeal addresses the sentence for the violation of probation.

Judgment of sentence vacated. This matter is remanded for resentencing, which is to take place within 45 days of the return of the certified record. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/7/19